**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Richard Clover YOUNG, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 12, 2011.

Filed Dec. 30, 2011.

David I. Lindsay, Lock Haven, for appellant.

Michael F. Salisbury, Assistant District Attorney, Lock Haven, for Commonwealth, appellee.

BEFORE: DONOHUE, LAZARUS, and FITZGERALD*, JJ.

* Former Justice specially assigned to the Superior Court.

OPINION BY LAZARUS, J.:

Richard Clover Young appeals from the order of the Court of Common Pleas of Clinton County dismissing his petition filed under the Post Conviction Relief Act ("PCRA").[1] After careful review, we affirm in part and reverse in part.

On January 28, 2008, Young was charged by criminal complaint with one count each of access device fraud,[2] theft by unlawful taking,[3] and receiving stolen property[4] after he allegedly stole an ATM card and used it to withdraw money at two separate banks.

Young was tried by a jury on September 4, 2008. The jury was only able to reach a verdict on one of the three charges and was deadlocked with respect to the remaining two. When the trial judge asked the jury to identify the count on which the jury was able to reach a verdict or retain the corresponding verdict slip, the foreperson responded: "Well, I don't have the paper in front of me. So, it's the one in the middle, Theft—I think the one that says Theft—Theft by Unlawful Taking." Transcript of Trial Court Colloquy, 3/3/2009, at 2. Because the jury had reached a stalemate on the remaining two charges, the court declared a mistrial. **The court did not record the verdict, and trial counsel did not request that the court do so. Further, the verdict slip does not appear in the record and the court never determined whether the jury reached a verdict of guilty or not guilty.** The court rescheduled jury selection for September 12, 2008.

On September 12, 2008, the Commonwealth filed a motion to amend the information against Young to replace count 2 of the complaint, theft by unlawful taking, with an additional count of access device fraud, which the court granted on September 23, 2008.

A second jury trial was held on September 25, 2008 and Young was convicted of one count of receiving stolen property and two counts of access device fraud. The court sentenced Young to an aggregate term of 5 to 10 years' incarceration for the two counts of access device fraud on November 17, 2008.[5]

Young filed a timely appeal to this Court arguing that the second trial was barred by double jeopardy. This Court, in a memorandum decision dated March 9, 2010, determined that because Young failed to file a motion to dismiss his charges on the basis of double jeopardy prior to the second trial and because trial counsel agreed to the declaration of a mistrial, Young had waived his double jeopardy claim. *See Commonwealth v. Young*, 996 A.2d 560 (Pa.Super.2010) (unpublished memorandum). This Court did not address the merits of Young's double jeopardy claim.

On August 9, 2010, Young filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed an amended PCRA petition on October 22, 2010. Both petitions alleged that trial counsel was ineffective for failing to object to the declaration of a mistrial at Young's first trial and for failing to object to the second trial as a

1. 42 Pa.C.S.A. §§ 9541–9546.

2. 18 Pa.C.S.A. § 4106(a)(1)(ii).

3. 18 Pa.C.S.A. § 3921(a).

4. 18 Pa.C.S.A. § 3925(a).

5. At sentencing, the trial court ruled that count 3, receiving stolen property, merged with the two counts of access device fraud; thus, the court did not sentence Young separately on that charge. *See generally Commonwealth v. Campbell*, 351 Pa.Super. 56, 505 A.2d 262 (1985) (discussing merger of related offenses).

violation of the constitutional protection against double jeopardy.

On January 31, 2011, the PCRA court denied Young all relief sought in his PCRA petition, but did resentence Young to 32 months' to 10 years' incarceration after all parties agreed that the original calculation of Young's prior record score was incorrect at the time of his November 17, 2008 sentencing. Young filed a timely notice of appeal and complied with the court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Young raises the following issue for our review:

DID THE DEFENDANT'S TRIAL COUNSEL PROVIDE INEFFECTIVE ASSISTANCE TO THE DEFENDANT BY FAILING TO CAUSE THE VERDICT TO BE RECORDED AT DEFENDANT'S FIRST TRIAL IN THIS MATTER, FAILING TO OBJECT TO THE DECLARATION OF A MISTRIAL AND FAILING TO FILE A MOTION TO DISMISS CHARGES ON THE BASIS OF DOUBLE JEOPARDY PRIOR TO DEFENDANT'S SECOND TRIAL IN THIS MATTER?

Brief of Appellant, at 4.[6]

Young argues that his second trial was a violation of the constitutional protection against double jeopardy because it was possible that the jury in the first trial reached a verdict of not guilty on the theft charge or, alternatively, that the jury did not reach a verdict on theft at all, but rather reached a verdict on receiving stolen property or access device fraud. In support of his arguments, Young points to the fact that the jury foreperson did not have his notes in front of him when asked on which count the jury reached a verdict, that the foreperson hesitated to say theft and that it is impossible to verify the count on which the jury reached a verdict because the trial court did not record the verdict or preserve the verdict slip in the certified record.

■ To be eligible for relief under the PCRA for ineffective assistance of counsel, Young must plead and prove that trial counsel's failure to raise the double jeopardy claim "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(2)(ii). "In evaluating claims of ineffective assistance of counsel, we presume that counsel is effective." *Commonwealth v. Rolan,* 964 A.2d 398, 406 (Pa.Super.2008) (quotation omitted). To overcome the presumption of effectiveness, Young must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Anderson,* 995 A.2d 1184, 1191–92 (Pa.Super.2010) (internal quotations omitted).

First, we must establish whether Young has raised a claim of arguable merit. The Fifth Amendment to the United States Constitution and Article I, § 10 of the Pennsylvania Constitution provide that no person shall, for the same offense, "be twice put in jeopardy of life or limb." Pa. Const. art. I, § 10; U.S. Const. amend. V.

---

6. This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. *Commonwealth v. Carter,* 21 A.3d 680, 682 (Pa.Super.2011) (citations and quotations omitted).

"The constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense[.]" *Commonwealth v. Spotz*, 18 A.3d 244, 261 (Pa.2011) (quoting *United States v. DiFrancesco*, 449 U.S. 117, 127, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980)).

■ The Double Jeopardy Clause "protects against a second prosecution for the same offense after an acquittal, a second prosecution for the same offense after a conviction and multiple punishments for the same offense." *Commonwealth v. McCord*, 700 A.2d 938, 941 (Pa.Super.1997). However, the constitutional prohibition against double jeopardy does not apply unless jeopardy attaches. *See Commonwealth v. Ortega*, 995 A.2d 879, 887 (Pa.Super.2010). In Pennsylvania, jeopardy attaches when a defendant stands before a tribunal where guilt or innocence will be determined. *Id.* In a criminal jury trial, this occurs when the jury is sworn. *Id.*

Although jeopardy attaches, and the constitutional protection against double jeopardy applies, when a jury is sworn, *see id.*, our courts have held that the protection against double jeopardy does not apply when the trial court grants a proper mistrial upon motion of defense counsel, or by manifest necessity. *See Commonwealth v. Walker*, 954 A.2d 1249, 1254 (Pa.Super.2008). This rule has been codified in Pa.R.Crim.P. 605, which provides, in relevant part:

**Rule 605.   Mistrial**

\*      \*      \*

(B) When an event prejudicial to the defendant occurs during trial **only the defendant may move for a mistrial;** the motion shall be made when the event is disclosed. Other-

wise, **the trial judge may declare a mistrial only for reasons of manifest necessity.**

Pa.R.Crim.P. 605 (emphasis added).

■ "The determination by a trial court to declare a mistrial after jeopardy has attached is not one to be lightly undertaken, since the defendant has a substantial interest in having his fate determined by the jury first impaneled." *Walker, supra* at 1254. "A failure of the lower court to consider less drastic alternatives before declaring a mistrial creates doubt about the exercise of the court's discretion and may bar re-prosecution because of double jeopardy." *McCord, supra* at 943.

■ Young did not request a mistrial in the instant case. Rather, the trial judge stated that he was "inclined to declare a mistrial and send the jury home," and Young's trial counsel did not object. N.T. Trial Court Colloquy, 3/3/2009, at 3. Mere silence by a defendant or lack of a specific objection does not amount to a waiver of the defendant's constitutional protection from double jeopardy. *McCord, supra* at 942. Because the trial court declared a mistrial, rather than granting a motion for a mistrial by Young, we must determine whether "manifest necessity" existed to declare a mistrial on each of the counts. *See id.*; Pa.R.Crim.P. 605(B).

■ There is no established test for determining the existence of a manifest necessity. *McCord, supra* at 942. "It is, however, recognized that a genuine inability of a jury to agree constitutes a 'manifest necessity' to declare a mistrial over a defendant's objection without offending the defendant's Fifth Amendment rights." *Commonwealth v. Monte*, 459 Pa. 495, 329 A.2d 836, 840 (1974). A genuine inability of a jury to agree upon a verdict occurs if

it appears to the trial court that there is no reasonable probability of agreement.[7]  *Id.*

■ Here, the trial court did have a manifest necessity to declare a mistrial on the charge of access device fraud and receiving stolen property.[8]  The jury had indicated there was a stalemate in the deliberations regarding these charges, and when asked by the trial judge if further deliberations would resolve the deadlock, the jury foreperson responded that they would not.  Because there was a reasonable probability that the jury would not be able to agree on the charge of receiving stolen property and access device fraud, "manifest necessity" existed for the trial court to declare a mistrial on those charges.  *See id.* (holding trial court's decision to dismiss jury after 6½ hours of deliberation was proper because inability of jury to agree on verdict constitutes "manifest necessity" to declare mistrial); *see also Commonwealth v. Bartolomucci,* 232 Pa.Super. 559, 335 A.2d 747, 749 (1975) (noting trial judge's urging jury to continue deliberating after it indicates deadlock could lead to coercion argument by defendant).

■ However, manifest necessity did not exist for the trial court to declare a mistrial on the charge of theft by unlawful taking.  Rule 648(D) of the Pennsylvania Rules of Criminal Procedure states in pertinent part: "If there are two or more counts in the information or indictment, the jury may report a verdict or verdicts with respect to those counts upon which it has agreed, and **the judge *shall* receive and record all such verdicts.**"  Pa. R.Crim.P. 648(D) (emphasis added).  This rule is permissive as to the jury, but mandatory as to the trial judge.  *See McCord, supra* at 942.[9]

■ "[A] judge's failure to receive and record a jury's verdict (when the jury has informed the court that it has reached a verdict as to one or more of multiple charges) results in an improperly granted mistrial or, in other words, a violation of the court's duty."  *Id.*  Further, for purposes of double jeopardy, when the jury indicates that it has reached a verdict on a charge but the trial court fails to record the verdict on the record, the verdict is treated as a final verdict that terminates original jeopardy, even though it is impossible to know with certainty that a verdict was actually reached.  *Id.* at 944.  Therefore, the court improperly declared a mistrial on the charge of theft by unlawful taking, and the constitutional protection against double jeopardy applies to that count.  *Id.; see Walker, supra* at 1254 (jeopardy attaches after jury is sworn unless proper mistrial declared).

7.  The decision to grant a mistrial and the length of the deliberation of a jury is properly left to the sound discretion of the trial judge, and will not be disturbed absent an abuse of that discretion.  *Walker, supra; Monte, supra.*

8.  Young argues that it was not clear that the jury reached a verdict on the theft charge because the jury foreperson did not have his notes.  We reject this argument.  It is evident from the record that the jury did reach a verdict as to the charge of theft by unlawful taking, and did not reach a verdict on the charge of receiving stolen property or access device fraud.  Further, the trial court found that the jury reached a verdict on the charge of theft.  Because there is support in the record for the trial court's finding, it will not be disturbed on appeal.  *See Carter, supra* at 682.

9.  In *McCord,* this Court interpreted the previous version of Pa.R.Crim.P. 648, Pa.R.Crim.P. 1120.  Although Rule 1120 was amended and renumbered, the relevant language of Rules 648(D) and 1120(d) is the same.  Therefore, we may rely on this Court's analysis of Rule 1120(d) in *McCord* in applying Rule 648(D) to the instant case.

The trial court states in its Pa.R.A.P. 1925(a) opinion that because it did not record the jury verdict, there was no way to determine whether the jury found Young guilty or not guilty of theft, but stated it "believe[d] it highly likely that the verdict would have been 'guilty.'" Trial Court Opinion, 3/11/2011, at 2. Whether the jury was likely to enter a verdict of guilty does not change the fact that the court's failure to receive and record the verdict leaves open the possibility that the jury reached a verdict of not guilty. If the jury had reached a verdict of not guilty, then retrial on the same charge or a charge for which theft by unlawful taking is a lesser included offense would implicate Young's double jeopardy rights. *See McCord, supra* (unrecorded jury verdict is final for purposes of double jeopardy); *Spotz, supra* (double jeopardy prohibits second prosecution for same offense after acquittal). Therefore, we will proceed under the presumption that the jury found Young not guilty of theft by unlawful taking.

We note that the Commonwealth did not charge Young with theft by unlawful taking in his second trial; it retried him only on receiving stolen property and two counts of access device fraud. Nevertheless, we must determine whether a finding of not guilty of theft by unlawful taking precludes retrial on either or both of these charges. *See* Pa.R.Crim.P. 648(D) (when there are multiple counts and jury cannot reach verdict as to all counts, "if those counts to which it has agreed operate as an acquittal of lesser or greater included offenses to which they cannot agree, these latter counts shall be dismissed"); *Commonwealth v. Wilds,* 240 Pa.Super. 278, 362 A.2d 273 (1976) ("an offense is a lesser included offense if each and every element of the lesser offense is necessarily an element of the greater").

To determine whether a defendant's double jeopardy protection against multiple punishments for the same offense has been violated, this Commonwealth applies the same-elements test, set forth by the United States Supreme Court in *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Commonwealth v. Jackson,* 10 A.3d 341, 345 (Pa.Super.2010); *Commonwealth v. Pemberth,* 339 Pa.Super. 428, 489 A.2d 235 (1985). Under the same-elements test, when a defendant is punished for two or more offenses arising from the same criminal episode, double jeopardy bars additional punishment unless each offense contains an element not contained in the other. *See United States v. Dixon,* 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). "Stated another way, if the essential elements of crime A are also elements of crime B, and if crime A is less culpatory than crime B, then crime A is a lesser-included offense of crime B." *Pemberth, supra* at 236 (citation omitted). However, mere overlap in proof between the two prosecutions does not establish a double jeopardy violation. *Commonwealth v. Beckwith,* 449 Pa.Super. 433, 674 A.2d 276, 279 (1996).

We begin our analysis by considering whether theft by unlawful taking is a lesser included offense of access device fraud. Theft by unlawful taking or disposition of movable property is set forth in the Crimes Code as follows: "A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). The offense of access device fraud provides:

§ 4106. **Access device fraud**

(a) **Offense defined.**—A person commits an offense if he:

(1) uses an access device to obtain or in an attempt to obtain property or services with knowledge that;

\* \* \*

(ii) the access device was issued to another person who has not authorized its use;

18 Pa.C.S.A. § 4106(a)(1)(ii).

"Proof of Theft by Unlawful Taking requires three elements: (1) unlawful taking or unlawful control over movable property; (2) movable property belongs to another; and (3) intent to deprive (permanently)." *Commonwealth v. Goins*, 867 A.2d 526, 530 (Pa.Super.2004) (citing 18 Pa.C.S.A. § 3921; 18 Pa.C.S.A. § 3901). Proof of access device fraud requires: (1) unauthorized use of an access device; (2) with intent to obtain property or services; (3) knowing the device was issued to another. *See* 18 Pa.C.S.A. § 4106(a)(1)(ii).

A comparison of these statutes reveals that each requires proof of an element not required by the other. Theft by unlawful taking requires an element not required by access device fraud because access device fraud does not necessitate proof of theft or unlawful control over movable property of another. Although access device fraud often involves theft of movable property, theft is not a necessary element because the statute prohibits mere unauthorized use of an access device. *See id.* This distinction is important for two reasons. First, there is no requirement of theft of "movable property" of another because a person may be found guilty of access device fraud by using a person's credit card information, without taking the physical credit card.[10] Second, even if a person commits access device fraud by using an actual credit card, it does not necessarily

follow that the card was stolen because the user may have had lawful control over the card, but used it for an unauthorized purpose. *See id.* Further, access device fraud does not necessarily involve theft of property resulting from an unauthorized use of an access device because the statute requires only the *intent* to obtain property or services, not the actual taking. *See id.*

■ Likewise, access device fraud requires proof of an additional element not required to establish theft by unlawful taking, namely the unauthorized use of an access device. *See id.;* 18 Pa.C.S.A. § 3921(a). Because each crime requires proof of an element not required by the other, they satisfy the *Blockburger*/same elements test. Accordingly, a person found not guilty of theft by unlawful taking may subsequently be charged with access device fraud for the same alleged act without violating the constitutional protection against double jeopardy. It follows, then, that trial counsel was not ineffective for failing to raise the double jeopardy argument as to access device fraud before Young's second trial because even if counsel had raised that argument, Young could still have been retried on the charge of access device fraud.

■ Next, we consider whether theft by unlawful taking is a lesser included offense of theft by receiving stolen property. The Crimes Code defines the crime of receiving stolen property as follows:

§ 3925. Receiving stolen property

(a) Offense defined.—A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the proper-

---

10. *See* 18 Pa.C.S.A. § 4106(d) (definition of "access device" includes "code, account number, personal identification number or other

means of account access that can be used alone or in conjunction with another access device to obtain … anything else of value").

ty is received, retained, or disposed with intent to restore it to the owner.

**(b) Definition.**—As used in this section the word "receiving" means acquiring possession, control or title, or lending on the security of the property.

18 Pa.C.S.A. § 3925.

The elements of receiving stolen property may be stated as: (1) intentionally acquiring possession, control or title, retaining, disposing, or lending on the security of movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) intent to deprive permanently. *See id.; see also* 18 Pa.C.S.A. § 3901.

We begin our analysis by comparing the first element of both statutes. Although theft by receiving stolen property does not expressly prohibit "unlawful taking or unlawful control over movable property," *see Goins, supra,* the statute's requirement that a person intentionally acquire possession, control or title, retain, dispose or lend on the security of moveable property of another knowing or believing that it is stolen necessitates either theft of the property or unlawful control over the movable property of another. Similarly, the second element of theft by unlawful taking, that the movable property belong to another, is necessary to establish the second element of theft by receiving stolen property because a person cannot have knowledge or belief that property was stolen unless it belonged to another. Finally, both statutes require the intent to deprive permanently. *See* 18 Pa.C.S.A. §§ 3901, 3921 and 3925; *Goins, supra.*

Because each and every element of theft by unlawful taking is necessary to establish theft by receiving stolen property, theft by unlawful taking is a lesser included offense of theft by receiving stolen property. *See Wilds, supra.* We note that this Court has previously stated that

theft by receiving stolen property is a lesser-included offense of theft by unlawful taking. *See Commonwealth v. Rippy,* 732 A.2d 1216, 1224 (Pa.Super.1999) (overruled on another point of law by *Commonwealth v. Andrews,* 564 Pa. 321, 768 A.2d 309 (2001)). We do not believe that our holding is inconsistent with these earlier rulings. A review of the relevant case law makes clear that either or both statutes may be used to punish the same course of conduct and that, for purposes of the *Blockburger* /same elements test, the elements of both statutes are identical.

For instance, in *Commonwealth v. Henley,* 504 Pa. 408, 474 A.2d 1115 (1984), a jewelry store owner purchased five gold chains from Philadelphia Police informant who represented to the store owner that the chains were stolen. *Id.* at 1115–16. Although the owner had received stolen goods, he was charged with, and subsequently convicted of, attempted theft by unlawful taking. *Id.* at 1116. In *Commonwealth v. Grimes,* 982 A.2d 559 (Pa.Super.2009), the defendant, along with her employee, took a dog she believed to be in need of medical attention from the owner's property without permission and refused to return the dog to its owner. *Id.* at 561. The defendant was convicted of both theft by unlawful taking *and* receiving stolen property. *Id.* at 562. Thus, a person who personally steals movable property may be convicted of receiving stolen property, *see id.,* and a person who receives property believing it to be stolen may be convicted of theft by unlawful taking. *See Henley, supra; see also Commonwealth v. Wilson,* 312 Pa.Super. 77, 458 A.2d 244, 245–46 (1983) (for purpose of sentencing, the crimes of receiving stolen property and theft by unlawful taking merge).

Because these statutes each contain the essential elements of the other, when a

defendant is found not guilty of receiving stolen property or not guilty of theft by unlawful taking, a second trial on the other charge would violate his protection against double jeopardy. *See Jackson, supra; McCord, supra.* Therefore, we conclude that Young has raised a claim of arguable merit regarding trial counsel's failure to raise the double jeopardy argument as to the charge of receiving stolen property and we may address the remaining elements of his ineffectiveness claim for that charge. *See Anderson, supra* at 1191–92.

To prevail on his ineffectiveness claim, Young must show that trial counsel did not have a strategic basis for his inaction at trial. *See id.* The trial court finds in its Rule 1925(a) opinion that counsel had a strategic reason for not contesting the court's failure to record the jury verdict in the first trial because the jury verdict would likely have been guilty. While we agree with the trial court that counsel did have a strategic reason for not objecting to the court's failure to record the verdict, this does not address the fact that counsel's subsequent failure to raise a double jeopardy claim prior to the second trial on the charge of receiving stolen property had no strategic basis. Trial counsel had the opportunity to raise the double jeopardy claim, *see McCord, supra* at 942 (holding failure to object to trial court's decision not to record jury verdict does not waive protection against double jeopardy), and his failure to do so caused Young prejudice by allowing him to be retried on the charge of theft by receiving stolen property. Therefore, because there was no benefit to counsel's inaction in making the double jeopardy argument, Young has satisfied the second requirement of his ineffectiveness claim. *See Anderson, supra.*

Finally, we must determine whether, but for counsel's ineffectiveness, there is a reasonable probability that the outcome would have been different. *See Id.* As we have explained above, Young has raised a meritorious double jeopardy claim regarding his retrial on theft by receiving stolen property. Had counsel raised this claim prior to the second trial, there is a reasonable probability that the trial court would not have retried Young on the charge of receiving stolen property.

Therefore, Young has satisfied each of the elements of his ineffective assistance of counsel claim regarding counsel's failure to object to retrial on the charge of receiving stolen property. However, counsel was not ineffective for failure to object to retrial on access device fraud because theft by unlawful taking or disposition is not a lesser included offense of access device fraud. Accordingly, we reverse the trial court's order as to Young's ineffectiveness claim for receiving stolen property and affirm as to his ineffectiveness claim for access device fraud.

■ When a court rules in favor of a PCRA petitioner, "it shall order appropriate relief and issue supplementary orders as to rearraignment, retrial, custody, bail, discharge, correction of sentence or other matters that are necessary and proper." 42 Pa.C.S.A. § 9546. Generally, when a petitioner is granted PCRA relief for ineffective assistance of counsel, a new trial is granted. *See, e.g., Commonwealth v. Grant,* 992 A.2d 152 (Pa.Super.2010); *Commonwealth v. Prisk,* 744 A.2d 294 (Pa.Super.1999). However, when the ineffectiveness claim arises from trial counsel's failure to raise a proper double jeopardy argument before trial, a new trial would violate the defendant's double jeopardy rights. *See Jackson, supra* (protection against double jeopardy prohibits multiple punishments for the same offense). Therefore, we vacate Young's conviction for receiving stolen property. Because the trial court merged the charge of receiving

stolen property with the charge of access device fraud for purpose of sentencing, we need not remand for resentencing.

Order affirmed in part; reversed in part. Conviction for receiving stolen property vacated. Judgment of sentence affirmed.

FITZGERALD, J., files a Dissenting Opinion.

## DISSENTING OPINION BY FITZGERALD, J.:

I respectfully dissent.

First, I agree with Appellant's argument that the record does not establish on which charge the jury in the first trial reached a verdict. "The determination of whether to declare a mistrial after jeopardy has attached is one of utmost importance since the defendant has a substantial interest in having his fate determined by the jury first impaneled." *Commonwealth v. McCord*, 700 A.2d 938, 943 (Pa.Super.1997). In considering whether the defendant consented to the grant of a mistrial on certain charges, the *McCord* Court gave him "the benefit of the doubt, given the importance of his constitutional rights." *Id.* at 943 n. 4.

At the first trial, the jury foreperson's identification of the charge was set forth as follows:

THE COURT: All right. Identify for me the counts that the jury has been able to reach a verdict on.

THE FOREPERSON: Well, I don't have the paper in front of me. So, it's the one in the middle, Theft—I think the one that says Theft—Theft by Unlawful Taking.

THE COURT: Early in the deliberations you indicated there was a stalemate at that time; and, again, try to answer this Yes or No. Is the issue with regard to the remaining two counts the same issue, do you believe?

THE FOREPERSON: Yes.

N.T. Court's Colloquy, 9/4/08, at 2. As the majority notes, the jury verdict slip is not included in the certified record. Furthermore, a transcript of the court's jury instructions—which may have indicated the order in which the charges were presented to the jury—is not included in the record. I find that the inability to determine the order of the charges as presented to the jury, coupled with the foreperson's equivocalness, creates enough uncertainty that we are obligated to give Appellant "the benefit of the doubt." [1] *See McCord*, 700 A.2d at 943. Thus, I do not agree that the record establishes on which charge the first jury reached a verdict. Accordingly, I would hold the trial court erred in declaring a mistrial for all three charges, and accordingly trial counsel provided ineffective assistance of counsel for failing to raise a double jeopardy claim as to all three charges and any lesser-included charges. *See* Pa.R.Crim.P. 648(D); *McCord*, 700 A.2d at 945.

Second, I disagree with the majority's conclusion that theft by unlawful taking is a lesser included offense of receiving stolen property ("RSP"). [2] Theft by unlawful taking of movable property includes an

---

1. In *McCord*, this Court recounted that the jury advised the court of its decision as follows: "**We are decided on the first charge,** but deadlocked on the second and third." *McCord*, 700 A.2d at 941 (emphasis in original). The Court then stated "the jury had informed the court that it had reached a verdict on the charge of aggravated assault." *Id.*

However, this Court did discuss how it concluded "the first charge" was aggravated assault.

2. The property at issue in Appellant's theft by unlawful taking and RSP charges was the victim's ATM card.

essential element **not** in RSP: the intent to deprive the owner of the property. RSP requires no such intent; instead, the *mens rea* in RSP is knowing or believing the property has been stolen. *Compare* 18 Pa.C.S. § 3921(a) *with* 18 Pa.C.S. § 3925(a); *see Commonwealth v. Barber*, 940 A.2d 369, 377 (Pa.Super.2007) ("[I]f all essential elements of one crime are also essential elements of a second crime, and if such second crime also requires proof of elements that the first does not, then the first is a lesser included offense of the second, and although a defendant may be tried and convicted of both, separate punishments may not be imposed for each such conviction."). Additionally, I would disagree with the proposition implicit in the majority's holding: that two offenses can each be lesser included of the other.[3] The nature, or definition, of lesser and greater included offenses requires that one offense—the greater offense—contains an element that is not in the other.

For the foregoing reasons, I respectfully dissent from the majority.

---

**3.** As the majority states, this Court has held that receiving stolen property ("RSP") is a lesser included offense of theft by unlawful taking. *See Commonwealth v. Rippy*, 732 A.2d 1216, 1224 (Pa.Super.1999), *overruled on other grounds by Commonwealth v. Andrews*, 564 Pa. 321, 768 A.2d 309 (Pa.2001).