J-S40042-24

2025 PA Super 49

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEROY CARTER | : | No. 964 EDA 2024 |

Appeal from the Order Entered March 25, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): MC-51-CR-0004767-2022

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

OPINION BY LANE, J.:                                    **FILED FEBRUARY 28, 2025**

The Commonwealth of Pennsylvania ("Commonwealth") appeals from the order denying its motion to refile charges against Leroy Carter ("Carter"). The Commonwealth claims that mere possession of stolen goods was sufficient to support a *prima facie* case for the crimes charged of theft by unlawful taking and receiving stolen property. We hold: (1) the crime of receiving stolen property is a lesser included offense of theft by unlawful taking, and thus where evidence supports a *prima facie* case of receiving stolen property, the same evidence also supports a *prima facie* case of theft by unlawful taking; and (2) here, Carter's conduct, in addition to his recent possession of the victim's stolen property, provided sufficient circumstantial evidence to link him to the underlying offense. After review, we affirm in part, reverse in part, and remand.

The relevant factual and procedural history underlying this appeal is as follows. The charges against Carter arose from an incident that occurred on March 24, 2022, when Matthew Bekes ("Bekes") was the victim of a carjacking. The case proceeded to a preliminary hearing in the municipal court at which Bekes testified that he was driving his truck on G Street in Philadelphia. *See* N.T. (Preliminary Hearing), 11/2/23, at 12-13. Bekes had his window open and was stopped at a traffic light or stop sign when someone struck him very hard in the head and dragged him from the vehicle. *See id*. at 13. The assailants "stole" his belongings, including his shoes, cell phone, wallet, and money. *Id*. at 16. Bekes saw three individuals driving away in his truck before losing consciousness. *See id*. at 19-20. Bekes woke up in the hospital as doctors treated the "broken bones in [his] face." *Id*. at 13-14.

On the morning of March 25, 2022, Bekes reported the incident and spoke with detectives. *See id*. at 16. Bekes was unable to describe or identify his attackers because he "vaguely remembered seeing one person drive off in [his] truck and two other people." *Id*. at 20. While speaking with detectives, a friend of Bekes suggested that he call his missing phone. *See id*. at 16-17. Bekes called his phone, and a man answered and asked, "[H]ow much will you give me for the phone and wallet[?]" *Id*. at 17. During the call, the man provided his physical description, and he and Bekes agreed to meet at a specified location to exchange $200 for the items. *See id*. at 17, 25. The police proceeded to the meeting location at the designated time and

apprehended Carter, who matched the description provided by the man during the phone call. **See id**. at 24-25. The police also recovered Bekes' phone and wallet (containing his credit cards and identification) from Carter's person. **See id**.

The Commonwealth charged Carter with theft by unlawful taking and receiving stolen property, both graded as first-degree misdemeanors.[1] The Commonwealth then withdrew the case because necessary witnesses were unavailable. In October 2023, the Commonwealth filed a motion seeking to refile the two withdrawn theft charges, and later amended its complaint to include the charges of conspiracy, robbery, and robbery of a motor vehicle.[2] On the morning of the preliminary hearing, the Commonwealth amended its complaint to include the charges of possession of an instrument of crime ("PIC"), simple assault, aggravated assault, theft by unlawful taking (graded as a third-degree felony), and receiving stolen property (graded as a third-degree felony).[3] **See** N.T., 11/2/23, at 5-11. Following the preliminary hearing, the Municipal Court dismissed all charges for lack of evidence except for receiving stolen property (graded as a first-degree misdemeanor).

On November 6, 2023, the Commonwealth filed a motion seeking to refile the dismissed charges in the Court of Common Pleas. At the refile

_____

[1] **See** 18 Pa.C.S.A. §§ 3921, 3925; **see also** 18 Pa.C.S.A. § 3903(b).

[2] **See** 18 Pa.C.S.A. §§ 903, 3701(a)(1), 3702(a).

[3] **See** 18 Pa.C.S.A. §§ 907(a), 2701(a)(1), 2702(a)(1), 3921, 3925; **see also** 18 Pa.C.S.A. 3903(a.1).

hearing on March 25, 2024, the Commonwealth introduced the notes of testimony from the preliminary hearing, but did not introduce any additional evidence. **See** N.T. (Re-File Hearing), 3/25/24, at 6-7. The Commonwealth argued that Carter's mere possession of Bekes' cell phone and wallet was sufficient to infer that he committed the additional crimes charged, including conspiracy, PIC, simple assault, aggravated assault, robbery, robbery of a motor vehicle, theft by unlawful taking (graded as a third-degree felony), theft by unlawful taking (graded as a first-degree misdemeanor), and receiving stolen property (graded as a third-degree felony). **See id**. at 9-12. The trial court rejected the Commonwealth's argument and denied the motion to refile the additional charges on the basis that the Commonwealth failed to establish a *prima facie* case for those charges due to lack of evidence. **See id**. at 14-15. The trial court held Carter only on the charge of receiving stolen property (graded as a first-degree misdemeanor). **See id**. This timely appeal followed. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

The Commonwealth raises the following issue for our review: "Did the [trial] court err by precluding [Carter's] prosecution on charges including conspiracy, robbery, assault, and theft by unlawful taking?" Commonwealth's Brief at 3.

The Commonwealth's sole issue concerns the trial court's finding that it failed to establish a *prima facie* case for the additional charges. Whether the Commonwealth met its burden of presenting a *prima facie* case is a question

of law for which our standard of review is *de novo*, and our scope plenary. ***See Commonwealth v. Wroten***, 257 A.3d 734, 742 (Pa. Super. 2021).

"At the preliminary hearing stage of a criminal prosecution, the Commonwealth's burden is not to prove a defendant's guilt beyond a reasonable doubt; rather, it is merely to put forth a *prima facie* case of the defendant's guilt." ***Commonwealth v. Huggins***, 836 A.2d 862, 866 (Pa. 2003). The Commonwealth carries its burden of showing a *prima facie* case when it "produces evidence of each of the material elements of the crime charged and establishes sufficient probable cause to warrant the belief that the accused committed the offense." ***Id***. (citation omitted). "The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime." ***Commonwealth v. Jackson***, 849 A.2d 1254, 1257 (Pa. Super. 2004) (citation omitted); ***see also*** Pa.R.Crim.P. 542(D) (stating issuing authority shall determine from evidence presented at preliminary hearing whether there is *prima facie* case that: (1) offense has been committed; and (2) defendant has committed it). In making this determination, the court must consider the evidence in the light most favorable to the Commonwealth's case and make all inferences reasonably drawn from the evidence of record in the Commonwealth's favor. ***See Commonwealth v. Perez***, 249 A.3d 1092, 1102 (Pa. 2021).

Preliminarily we note that, although the Commonwealth acknowledges that "a *prima facie* case consists of evidence showing the existence of each material element of the charged offense," Commonwealth's Brief at 7, the Commonwealth fails to identify, let alone discuss, any of the elements of the crimes of conspiracy, PIC, simple assault, aggravated assault, robbery, or robbery of a motor vehicle. **See Huggins**, 836 A.2d at 866. Nor has the Commonwealth provided any discussion of, or pointed to, the evidence it produced at the preliminary hearing for each material element of these crimes to carry its burden of showing a *prima facie* case. **See id**.; **see also** Pa.R.A.P. 2119(a) (providing that the argument section of the appellant's brief must contain pertinent discussion and citation of relevant authorities), (c) (providing that, if reference is made to evidence in the record, the argument must refer to the place in the record where such evidence appears). The Commonwealth's conclusory assertion, that Carter's mere possession of Beke's cell phone and wallet are sufficient to establish a *prima facie* case for each of these crimes is simply unavailing.[4] Given the Commonwealth's failure

_____

[4] The Commonwealth relies on **Commonwealth v. Shaffer**, 288 A.2d 727, 736 (Pa. 1972) (*plurality*), wherein a plurality of our Supreme Court rejected a challenge to the trial court's charge to the jury that it could infer from the defendant's unexplained possession of the stolen goods within twenty-four hours of the two jewelry thefts, along with other circumstantial evidence (*i.e.*, the jewelry was clearly marked with other individuals names, the defendant gave a false name to police, and one of his co-felons tried to hide the jewelry from investigating officers by throwing it out the window of a vehicle in a sock) that the defendant was in "guilty possession" of the jewelry. As we explain **infra**, guilty possession is but one element of certain theft charges. The
*(Footnote Continued Next Page)*

to provide any discussion of the material elements of these crimes or the evidence, if any, it produced at the relevant hearings to support them, we conclude that the Commonwealth has waived its claim on appeal as to these charges. **See Commonwealth v. Armolt**, 294 A.3d 364, 377 (Pa. 2023) (holding that, where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived, as it is not the obligation of an appellate court to formulate an appellant's arguments for them).

With respect to the charge of theft by unlawful taking, the Commonwealth contends that the trial court erred in denying its motion to refile this charge because "[t]heft by unlawful taking is a lesser included offense of receiving stolen property," which the trial court permitted to be refiled as a first-degree misdemeanor. Carter's Brief at 10.[5]

The Pennsylvania Crimes Code defines the offense of receiving stolen property as follows:

> **(a) Offense defined.** — A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has

Commonwealth has not explained how **Shaffer** supports a claim that mere possession of stolen goods supports an inference that the defendant committed the crimes of conspiracy, PIC, simple assault, aggravated assault, robbery, or robbery of a motor vehicle.

[5] As we explain **infra**, the crime of receiving stolen property is a lesser included offense of theft by unlawful taking, but not *vice versa*. Nonetheless, this misstatement by the Commonwealth does not impede our review.

probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S.A. § 3925(a). Accordingly, to convict a defendant of receiving stolen property, the Commonwealth must establish three elements: (1) intentionally acquiring possession of movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) intent to deprive permanently. *See id*.; *see also Commonwealth v. Gomez*, 224 A.3d 1095, 1099 (Pa. Super. 2019).

The second element of receiving stolen property is sometimes referred to as "guilty knowledge." *Id.* "Mere possession is insufficient to establish or permit an inference of guilty knowledge, something more than mere possession is generally involved and requires consideration." *Commonwealth v. Williams*, 362 A.2d 244, 248 n.7 (Pa. 1976). For instance, the Commonwealth may introduce evidence regarding the nature of the goods, the quantity of the goods involved, the lapse of time between possession and theft, and the ease with which the goods can be assimilated into trade channels. *Id*. "Such evidence will permit a fact-finder to infer guilty knowledge, particularly where there is no satisfactory explanation for a defendant's possession of recently stolen goods." *Gomez*, 224 A.3d at 1100; *see also Shaffer*, 288 A.2d at 736 (holding that a jury cannot presume a guilty knowledge based upon "recency plus lack of explanation," but a jury could infer guilt under such circumstances).

In *Commonwealth v. Robinson*, 128 A.3d 261 (Pa. Super. 2015) (*en banc*), an *en banc* panel of this Court listed various cases from this Court in

which we considered receiving stolen property cases after **Williams**. The **Robinson** Court divided the cases into three broad categories: (1) cases in which we held that mere possession of a stolen item, without more, was insufficient to prove guilty knowledge; (2) cases in which the brevity of the duration between the theft of the item and the person being found in possession of that item was deemed sufficient to infer a guilty knowledge, and (3) cases in which circumstances other than recency was the predominant factor in proving a guilty knowledge, such as where serial numbers on items were altered, where the person attempted to sell the stolen item, where VIN numbers on vehicles were obliterated, and where the person attempted to flee from the police with the stolen item. **See id**. at 268-69 (listing cases).

The Crimes Code defines the offense of theft by unlawful taking or disposition as follows:

> **(a) Movable property.** — A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S.A. § 3921(a). Thus, to convict a defendant of theft by unlawful taking, the Commonwealth must establish three elements: (1) unlawful taking or unlawful control over movable property; (2) ownership by another person of the movable property; and (3) intent to deprive permanently. **See id**.; **see also Commonwealth v. Goins**, 867 A.2d 526, 530 (Pa. Super. 2004).

Although theft by receiving stolen property does not expressly prohibit "unlawful taking or unlawful control over movable property," the statute's requirement that a person intentionally acquire possession, control, or title,

or retain, dispose, or lend on the security of moveable property of another, knowing or believing that it is stolen, necessitates either theft of the property or unlawful control over the movable property of another. *See Commonwealth v. Young*, 35 A.3d 54, 63 (Pa. Super. 2011). Similarly, the second element of theft by unlawful taking, that the movable property belong to another, is necessary to establish the second element of theft by receiving stolen property because a person cannot have knowledge or belief that property was stolen unless it belonged to another. *See id*. Finally, both statutes require the intent to deprive permanently. *See id*. Accordingly, the crime of receiving stolen property is a lesser included offense of theft by unlawful taking, and where evidence supports a claim of receiving stolen property, the same evidence also supports a claim of theft. *See id*.

In relation to both of these crimes, the value of the stolen property determines the grading of the charge. *See Commonwealth v. Figueroa*, 859 A.2d 793, 797 (Pa. Super. 2004). The burden to establish the value of the stolen property rests upon the Commonwealth. *See Commonwealth v. Hanes*, 522 A.2d 622, 623 (Pa. Super. 1987). Accordingly, "theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is an automobile" but, otherwise "[t]heft . . . constitutes a misdemeanor of the first degree" when the property is taken from the person. 18 Pa.C.S.A. § 3903(a.1), (b); *see also Commonwealth v. Williams*, 567 A.2d 709, 713 (Pa. Super. 1989) (explaining that "when a theft involves the

- 10 -

taking of property, which has a value of less than $2,000, from the person of another, the offense is a misdemeanor of the first degree").

The Commonwealth contends that even if one were to assume that Carter had nothing to do with the original act of stealing items from Bekes, Carter's subsequent actions were sufficient to establish a *prima facie* case for both receiving stolen property and theft by unlawful taking. The Commonwealth further maintains, without making any specific arguments about the appropriate grading of the theft charges, that Beke's "wallet and his cell phone . . . were items of obvious value that the perpetrators of the underlying crimes would be expected to misappropriate." Commonwealth's Brief at 11.[6]

The trial court denied the Commonwealth's motion to refile the theft charges as third-degree felonies, finding that the Commonwealth only submitted enough evidence to establish a *prima facie* case for the receiving stolen property charge classified as a first-degree misdemeanor.

Regarding the elements of the theft offenses, we conclude that Carter's mere possession of stolen property — Bekes' wallet, credit cards, cell phone, and identification — alone, is insufficient evidence to permit an inference of Carter's guilty knowledge that the items were stolen. ***See Williams***, 362 A.2d at 248 n.7. However, when Bekes called his own cell phone the morning

_____

[6] The Commonwealth did not argue before the trial court or on appeal that the value of Bekes' stolen truck should factor into any value assessment for purposes of grading the theft charges.

after the carjacking, Carter answered and struck a $200 deal to return Bekes' stolen cell phone, wallet, and identification, supporting the inference of Carter's guilty knowledge and linking him to the theft of the items. **See Robinson**, 128 A.3d at 268. Carter's conduct provided circumstantial evidence of his guilty knowledge, supporting a finding that: (1) combined with his recent possession of Bekes' wallet and cell phone; (2) Carter knew these items were stolen from Bekes; and (2) Carter intended to permanently deprive Bekes of them. **See Shaffer**, 288 A.2d at 109-110; **see also** 18 Pa.C.S.A. § 3925. As a result of this additional circumstantial evidence, we conclude that the Commonwealth established a *prima facie* case against Carter for receiving stolen property. **See id**. Therefore, since the evidence was sufficient to support each element of receiving stolen property, the Commonwealth also established a *prima facie* case against Carter for theft by unlawful taking. **See Young**, 35 A.3d at 63; **see also** 18 Pa.C.S.A. §§ 3921, 3903(b).

Concerning the grading of the theft offenses, the Commonwealth failed to identify or address any evidence presented at the preliminary hearing regarding the value of the wallet and cell phone to justify classifying the theft charges as third-degree felonies. The Commonwealth's vague assertion, that "the victim's wallet and his cell phone . . . were items of obvious value," is wholly insufficient to establish the monetary value of those items, let alone that the items carried a value of more than $2,000. Thus, this Court is compelled to conclude that the wallet and cell phone were worth less than

- 12 -

$2,000, and thus the theft charges should be properly graded as first-degree misdemeanors. *See Williams*, 567 A.2d at 713.

Accordingly, we affirm the portion of the trial court's order denying the Commonwealth's motion to refile charges for conspiracy, PIC, simple assault, aggravated assault, robbery, robbery of a motor vehicle, theft by unlawful taking (graded as a third-degree felony), and receiving stolen property (graded as a third-degree felony). However, we reverse the portion of the trial court's order denying the Commonwealth's motion to refile the charge for theft by unlawful taking (graded as a first-degree misdemeanor), and remand for further proceedings.

Order affirmed in part and reversed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/28/2025