J-S07023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CAMARA P. MAYS | : | |
| | : | |
| Appellant | : | No. 1140 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 11, 2024
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0000134-2024

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED: MAY 22, 2025**

Camara P. Mays appeals from the judgment of sentence entered following his convictions for criminal trespass, theft by unlawful taking, receiving stolen property, criminal mischief, and disorderly conduct.[1] Mays maintains, and the trial court and Commonwealth agree, that the court erred in failing to merge the sentences for theft by unlawful taking and receiving stolen property. We agree and therefore vacate the judgment of sentence and remand for resentencing.

In May 2024, the Commonwealth charged Mays with, among other things, theft by unlawful taking and receiving stolen property:

> COUNT 3 – Theft by Unlaw Taking-Movable Prop – 18
> Pa.C.S.A. 3921(a) – (Misdemeanor 3)

---

[1] 18 Pa.C.S.A. §§ 3503(a)(1)(ii), 3921(a), 3925(a), 3304(a)(1), and 5503(a)(4), respectively.

The actor unlawfully took or exercised control over movable property, namely a PA Identification card and Direct Express MasterCard, belonging to another, specifically Alicia Alene Latham, a.k.a. Latham-Fofana, with the intent to deprive the owner thereof, in violation of § 3921(a) of the Pennsylvania Crimes Code.

COUNT 4 – Receiving Stolen Property – 18 Pa.C.S.A. 3925(a) – (Misdemeanor 3)

The actor intentionally received, retained, or disposed of movable property, namely a PA Identification card and Direct Express MasterCard, belonging to Alicia Alene Latham, a.k.a. Latham-Fofana, with no intent to restore it to the owner, knowing that such property was stolen or believing that it had probably been stolen, in violation of § 3925 of the Pennsylvania Crimes Code.

Criminal Information, 5/13/24. The charges resulted from a December 2023 incident in which Mays broke into an apartment and took a Direct Express Mastercard belonging to the mother of his former girlfriend and a Pennsylvania identification card belonging to his former girlfriend. Following a trial, the jury convicted Mays of criminal trespass, theft by unlawful taking, and receiving stolen property and the court found him guilty of criminal mischief and disorderly conduct.

The trial court sentenced Mays to 14 to 28 months' incarceration for the criminal trespass conviction, three to six months' incarceration on the theft by unlawful taking conviction, and three to six months' incarceration on the receiving stolen property conviction. The sentences were imposed consecutively. Mays filed a timely notice of appeal.

Mays raises the following issue: "Did the trial court err as a matter of law in failing to merge the sentences imposed for theft by unlawful taking (Count 3) and receiving stolen property (Count 4)?" Mays' Br. at 2.

Whether convictions merge for sentencing purposes implicates the legality of the sentence, and the issue is non-waivable. ***Commonwealth v. Pettersen***, 49 A.3d 903, 911 (Pa.Super. 2012). Crimes merge for sentencing purposes where "the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765. We have held that theft by unlawful taking and receiving stolen property merge for sentencing purposes. ***Commonwealth v. Crawford***, 254 A.3d 769, 781 (Pa.Super. 2021); ***Commonwealth v. Young***, 35 A.3d 54, 63 (Pa.Super. 2011) (discussing the two statutes and concluding that because "each and every element of theft by unlawful taking is necessary to establish theft by receiving stolen property, theft by unlawful taking is a lesser included offense of theft by receiving stolen property").[2]

---

[2] To prove the crime of theft by unlawful taking, the Commonwealth must establish that the defendant "unlawfully t[ook], or exercise[d] unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). To establish the crime of receiving stolen property, the Commonwealth must prove that the defendant "intentionally receive[d], retain[ed], or dispose[d] of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." ***Id.*** at § 3925(a).

- 3 -

Pointing to the law, and the fact that here the crimes of theft by unlawful taking and receiving stolen property arose from the same criminal act, the trial court found it erred when it did not merge the sentences. **See** Trial Ct. Op., 10/2/24, at 2.

We agree with the trial court and find that it should have merged the sentences for theft by unlawful taking and receiving stolen property. We vacate the judgment of sentence and remand for resentencing. **Commonwealth v. Ali**, 197 A.3d 742, 759 (Pa.Super. 2018) (noting "where the appellate courts' dispositions upset the trial court's original sentencing scheme, remanding for a new sentencing proceeding is appropriate").

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/22/2025

- 4 -