**COMMONWEALTH of Pennsylvania,** Appellee

v.

**Lenora RODRIQUEZ, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 2009.
Filed Jan. 29, 2010.

———

Kathleen J. Boyer, West Chester, for appellant.

Nicholas J. Casenta, Jr., Assistant District Attorney, for Commonwealth, appellee.

BEFORE: DONOHUE, ALLEN, and FITZGERALD,* JJ.

OPINION BY ALLEN, J.:

¶ 1 Lenora Rodriquez (Appellant) appeals from the judgment of sentence imposed following a stipulated non-jury trial in which she was found guilty of one count each of retail theft, theft by deception and receiving stolen property.[1] On appeal, Appellant challenges the sufficiency of the evidence with respect to the retail theft conviction. We vacate the judgment of sentence only as to the retail theft conviction, and remand for resentencing.

¶ 2 The trial court recited the stipulated facts as follows:

> At 10:33 a.m., a green Ford Taurus (Reg. GTN4763) pulled into the Wal–Mart store parking lot, in which [Appellant] and two black females exited the vehicle. All three then entered the Wal–Mart. Upon entering the store, [Appellant] had nothing in her possession except for her pocket book. The two females proceeded toward the costumer [sic] service desk, while [Appellant] proceeded towards the electronics department alone.
>
> At 10:41 a.m., at the electronics department, [Appellant] selected a portable stereo (Sharp CD–MPX850), which was on display for sale and placed the stereo in her shopping cart.
>
> At around 11:09 a.m., [Appellant] proceeded to the customer service desk. At the customer service desk, [Appellant] told Wal–Mart employee Jordan Hunter that she wanted to return the stereo and provided Mr. Hunter [with] an alleged sales receipt for the stereo.
>
> Mr. Hunter printed out a return receipt and asked [Appellant] to sign it. [Appellant] then signed the return receipt in the name "F. Jackson." Mr. Hunter completed the return and gave [Appellant] $137.66 in cash. The net refund for the stereo was $129.86, plus $7.80 sales tax, for a total of $137.66.
>
> At 11:13 a.m., [Appellant] left the store pushing an empty shopping cart. [Appellant] left the store parking lot in the same green Ford Taurus she arrived in along with the two black females. Registration plate GTN4763.
>
> Upon closer inspection, Wal–Mart Loss Prevention Officer, Zacharius Zahariadis, learned that the receipt used by [Appellant] for the return was for a stereo purchased at another Wal–Mart store located in Boothwyn, PA. And the stereo which [Appellant] allegedly returned had a store label on it indicating it belonged to the Exton Wal–Mart Store.
>
> Thus, [Appellant] used a receipt for a different stereo that was purchased at a different store to create a false impression during the return, which [Appellant] fraudulently gained $137.66.

Trial Court Opinion, 5/19/09, at 4–5.

¶ 3 On February 20, 2009, the trial court sentenced Appellant to eleven and a half to twenty-three months incarceration for the retail theft conviction. The trial court did not sentence Appellant on the theft by deception or receiving stolen property convictions because the trial court determined that those convictions merged with the conviction for retail theft. This timely appeal followed.[2]

---

* Former Justice specially assigned to the Superior Court.

1. 18 Pa.C.S.A. §§ 3929(a)(1), 3922(a)(1), and 3925(a), respectively.

2. The trial court and Appellant have complied with Pa.R.A.P.1925.

¶ 4 Appellant presents the following question for our review:

> Is proof that [Appellant] carried a stereo from a store's display shelf to the customer service desk, where she obtained cash by pretending to return the stereo for a refund, using a false receipt, sufficient evidence to convict [Appellant] of Retail Theft?

Appellant's Brief at 2.

¶ 5 "Our well-settled standard of review when evaluating a challenge to the sufficiency of the evidence mandates that we assess the evidence and all reasonable inferences drawn therefrom in the light most favorable to the verdict-winner." *Commonwealth v. Salamone*, 897 A.2d 1209, 1213 (Pa.Super.2006) (citation omitted), *appeal denied*, 592 Pa. 766, 923 A.2d 1173 (2007). "We must determine whether there is sufficient evidence to enable the fact finder to have found every element of the crime beyond a reasonable doubt." *Commonwealth v. Kerry*, 906 A.2d 1237, 1240 (Pa.Super.2006) (citation omitted).

> In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id.*

¶ 6 Appellant contends that she did not commit retail theft because "she did not take, carry away, or transfer the stereo with the intention of depriving Wal–Mart of the possession, use or benefit of the merchandise." Appellant's Brief at 4. Rather, Appellant maintains that she had custody of the stereo until she went to the customer service desk, where "Wal–Mart regained actual possession when [Appellant] gave the stereo to the store clerk." *Id.* at 7. It is then that Appellant concedes that her "criminal conduct began."[3] *Id.* We agree.

¶ 7 18 Pa.C.S.A. § 3929(a) provides:

**Offense defined.**—A person is guilty of retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof[.]

The trial court correctly noted that "there are no cases directly on point." Trial Court Opinion, 5/19/09, at 5. However, we have held that an "intent to deprive is an essential element of the crime of retail theft." *Commonwealth v. Martin*, 300 Pa.Super. 497, 446 A.2d 965, 969 (1982).

---

**3.** Appellant concedes that she committed theft by deception and receiving stolen property.

*See* Appellant's Brief at 7–8.

¶ 8 Our review of the uncontroverted facts of record indicates that the evidence introduced by the Commonwealth was insufficient to prove that Appellant took possession of, carried away or transferred "any merchandise"—in this case the stereo which was displayed for sale by Wal–Mart—*with the intent of depriving Wal–Mart of the use or benefit of the stereo* without paying the full retail value. *See* 18 Pa.C.S.A. § 3929(a)(1); *Martin, supra.* Here, Appellant's intent was to obtain cash from Wal–Mart through deceptive means. The retail theft statute specifies that a person "takes possession of, carries away, transfers or causes to be carried away or transferred, any *merchandise* displayed, held, stored or offered for sale ..." *Id.* The reasonable inference to be drawn from Appellant's actions is that her intent was to deprive Wal–Mart of cash rather than the stereo. Accordingly, Appellant was properly convicted of theft by deception, which is set forth in 18 Pa.C.S.A. § 3922(a) as follows:

> **Offense defined.**—A person is guilty of theft if he intentionally obtains or withholds property of another by deception. A person deceives if he intentionally: (1) creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind; ...

¶ 9 Given the foregoing, the evidence was sufficient to prove that Appellant intentionally created a false impression to obtain cash from Wal–Mart and therefore committed theft by deception. The evidence was insufficient, however, to demonstrate that Appellant intended to deprive Wal–Mart of the use or benefit of the stereo which she temporarily possessed to facilitate the theft by deception. We therefore vacate Appellant's judgment of sentence with regard to the retail theft conviction, and remand for resentencing.

¶ 10 Judgment of sentence vacated. Remanded for resentencing.