J-A29044-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHERYL A. CALIENTE | : | |
| | : | |
| Appellant | : | No. 140 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 3, 2019
In the Court of Common Pleas of Bradford County Criminal Division at
No: CP-08-CR-0000378-2019

BEFORE: DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED FEBRUARY 4, 2022**

Appellant, Cheryl A. Caliente, appeals from the aggregate judgment of sentence of 39 months' to 92 months' incarceration, which was imposed after her jury trial conviction for two counts of retail theft, graded as a third-degree felony, and two counts of theft by receiving stolen property (theft-RSP).[1] We vacate the judgment of sentence and remand for resentencing.

The facts underlying this appeal are as follows.

> Walmart Asset Protection employee, Ms. [Tonya] Steele, testified that on February 20, 20[19] she observed Appellant acting suspicious "doing the shoplifter lean" where her arms were down in [the] top basket of [her] cart "playing" with merchandise; Ms. Steele continued to observe Appellant until she checked out at the self-check-out (where an individual scans price tags themselves) and left the store; she then retrieved Appellant's receipt and reviewed the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3929(a)(2) and 3925(a), respectively.

overhead video of Appellant checking out to determine if items scanned matched; Ms. Steele determined that Appellant used a $1.00 merchandise tag hidden in her hand to scan while passing more expensive items over the register to a bag; at one point in time the tag fell out of Appellant's hand and Appellant picked it up; Appellant also held a pad with a price tag of $0.94 on the bottom of 3 $25.00 candles; and did not scan the actual items' price tags; on February 21, while investigating the February 20, 2019 incident, she noticed on the live feed from self-check-out, the Appellant again checking out; Appellant "skipped scanned" meaning she just did not scan something and put it in her bag; and again used different tags for other items.

Trial Court Opinion (TCO), at 1-2 (citations to notes of testimony omitted).

Appellant was arrested and charged with two counts of retail theft and two counts of theft-RSP. Information, 6/11/19. Appellant proceeded to a jury trial on September 19, 2019. Appellant absconded from the courtroom after the evidence was presented to the jury but before the jury returned with a verdict. The jury found Appellant guilty *in absentia* of two counts of retail theft and two counts of theft-RSP.

On December 3, 2019, the Appellant appeared for sentencing and the trial court sentenced Appellant to consecutive sentences of 14 months' to 28 months' imprisonment on each count of retail theft. On the first count of theft-RSP, a misdemeanor of the second degree, the trial court sentenced Appellant to 6 months' to 24 months' imprisonment, consecutive to the prior charge. On the second count of theft-RSP, a misdemeanor of the third degree, the trial court sentenced Appellant to 5 months' to 12 months' imprisonment, to run consecutive to the prior charge. Appellant received an aggregate sentence of 39 months' to 92 months' incarceration.

- 2 -

Appellant filed a timely post-sentence motion on December 10, 2019, challenging the weight of the evidence, the sufficiency of the evidence presented to prove that Appellant altered price tags, and discretionary aspects of her sentence. Post-Sentence Motion, 12/10/19. The trial court denied Appellant's post-sentence motion on December 17, 2019. On January 15, 2020, Appellant filed a timely notice of appeal.

On April 15, 2021, this Court filed a Judgment Order finding appellate counsel *per se* ineffective for failure to file a Pa.R.A.P. 1925(b) statement when one was ordered by the trial court. Order, 4/15/21. The appeal was remanded to the trial court to appoint new counsel and to permit newly appointed counsel time to file a Pa.R.A.P. 1925(b) statement. **Id**. Both the trial court and counsel have complied with Pa.R.A.P. 1925. The trial court filed a supplemental 1925(a) opinion on July 7, 2021.[2]

Appellant presents the following issues for our review:

1. Was the evidence presented at trial insufficient to sustain the convictions for Retail Theft?

2. Was Appellant improperly convicted of both Retail Theft under 18 Pa.C.S. Section 3929(a)(2) and Receiving Stolen Property under 18 Pa.C.S. Section 3925 for the same transactions?

3. Was the imposition of consecutive sentences in the aggravated range, excessive for conduct that occurred

_____

[2] On August 3, 2021, this Court entered an Order setting a new briefing schedule for the parties in light of the appointment of new counsel and the filing of the Rule 1925(b) statement. Both parties complied and submitted new briefs to this Court as of December 19, 2021.

within a short period of time and involved a small amount of financial loss?

4. Was the imposition of non-mandatory fines improper without a finding by the Court that the Appellant had the ability to pay?

Appellant's Brief, at 4 (reordered for ease of discussion).

Appellant first argues the evidence was insufficient to sustain the convictions for retail theft. Appellant's Brief, at 4. "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Hutchison***, 164 A.3d 494, 497 (Pa. Super. 2017) (citation omitted).

We must determine,

whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. . . . Finally, the [trier] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Fortson***, 165 A.3d 10, 14–15 (Pa. Super. 2017) (citation and internal brackets in original). Additionally, "[t]he evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Hutchison***, 164 A.3d at 497.

Appellant argues that the Commonwealth should have charged her with "under-ringing" the merchandise. Appellant's Brief, at 17. Appellant argues "the only items which had allegedly altered price tags were the candles . . .

[and] there was no evidence presented that Appellant had switched the tags, that she was aware that the incorrect price tag was on the candles, or that she intentionally purchased the candles knowing that the price tags had purportedly been switched." *Id*., at 17-18. Appellant challenges the sufficiency of the evidence presented that she "committed the *actus reus* required for retail theft under [Section] (a)(2)." *Id.*, at 17.

A person is guilty of a retail theft if [s]he:

> alters, transfers or removes any label, price tag marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise[.]

18 Pa.C.S. § 3929(a)(2).

At trial, Ms. Steele, an asset protection employee of Walmart, testified that she observed Appellant in Walmart on February 20, 2019. N.T. 9/19/19, at 17-18. Ms. Steele observed Appellant go to "register 48" of the "self-check-out registers." *Id*., at 18. Ms. Steele testified, "I could see [Appellant] scanning the items . . . and left the store." *Id*., at 18-19. Ms. Steele stated she "went to her office and brought up . . . the receipt and was verifying[,] using the video[,] what was scanned and wasn't scanned." *Id*., at 19. Ms. Steele identified copies of the receipts she obtained from February 20, 2019. *Id*. The Commonwealth played a video of Appellant scanning items at the

self-check-out on February 20, 2019. *Id*., at 21. Ms. Steele narrated the video as follows:

> Okay, [Appellant] scans the first item, which was shirt, it scans at a dollar, puts that in the bag. Put's a bunch over to the side, the second thing is supposed to be a pair of jeans for a dollar, obviously that's a grey sweatshirt, men's sweatshirt. Next item on the receipt is another pair of jeans, jeans for one dollar. This is a, obviously a long sleeve black shirt. **By watching the video, I can see where she has the - - the tag in her hand, she keeps her fingers tucked under her right hand.** That's a pair of socks, er, a package of socks that are on clearance for a dollar, and that was the next thing on the list that she scanned. Next item comes up a touch glove, which is a mitten that you can use your phones and so forth with, those were on clearance for a dollar. Here she puts an actual pair of gloves in place of that. She tries to scan the pair of underwear there and you can see the tag popped out of there. . . . **[T]here was a tag in her hand and she was trying to swipe the briefs and skid them across the register right there separate from – that was the tag for the touch glove.**

*Id*., at 22-23 (emphasis added).

Ms. Steele continued, "[t]hese next two items she scans are large candles valued around $25.00, she has a pad on the bottom of it for $0.94 three-ounce candles that she puts in, that she scans but she puts the $25.00 candles into the bag." *Id*., at 25. Ms. Steele testified, "[t]he third transaction she has two packages, these are contractor garbage bags valued at $4.96 . . . [s]he scans another one of the touch glove tags for a dollar each." Ms. Steele points out, "[a]t one point here is where she flips the package over, you can see the label in her – in her right hand holding against the package . . . [t]he

ticket in her right hand, right there[.] . . . This one they end up paying $2.00 for cash[.]" *Id*., at 25-26.

The evidence presented at trial is sufficient to sustain Appellant's conviction for retail theft occurring on February 20, 2019. The evidence demonstrated that Appellant transferred the price tags of lower priced items to the higher priced items when she held the lower priced tag in her hand and scanned that tag while passing the higher priced item through the scan machine into her bag. The transfer of the price tags was complete, however momentarily, when Appellant covertly scanned the lower priced tag held in her hand in place of the tag of the higher priced item. Additionally, the evidence demonstrated that Appellant altered the price tags because the items she scanned that appeared on her receipt did not match the items she placed in her bag. Lastly, the Commonwealth presented evidence that Appellant scanned "large candles valued around $25.00" but had "a pad on the bottom of it for $0.94 three-ounce candles that she . . . scans but she puts the $25.00 candles into the bag." *Id*., at 24. We find that there is sufficient evidence for the jury to find Appellant "alter[ed], transfer[ed] or remove[d] any label, price tag, marking indicating value or other marking that aids in determining the value affixed to the merchandise." 18 Pa.C.S. § 3929(a)(2).

For the February 21, 2019 count of retail theft, Ms. Steele testified that on that date, she observed Appellant on the live-feed camera. *Id*., at 27. Ms. Steele testified that Appellant was at the self-check-out register number 43 and "skip scanned," meaning "she didn't just scan something and she put it

in the bag." *Id*., at 27. Ms. Steele identified the receipt from February 21, 2019 and it was admitted into evidence. *Id*., at 27-28. The Commonwealth played video from the self-check-out register from February 21, 2019. *Id*., at 28. Ms. Steele testified that Appellant "comes up to the register, she has two drinks . . . [s]cans the – both of those, a Dove type of body spray thing and right there was the razors, she just skip scanned those . . . the flashlight and the candles, the large candles, **again rang up as a three-ounce candle**." *Id*., at 29-30 (emphasis added). The receipt for February 21, 2019, shows that Appellant rang up a three-ounce candle for $0.94 cents. *See*, Commonwealth Exhibit, 5.

In addition to the testimony of Ms. Steele, after viewing the Commonwealth's Exhibit, 6, the video surveillance of the check-out, we find the jury had sufficient evidence to find Appellant guilty of retail theft. Ms. Steele testified that Appellant scanned a "large candle" but that the receipt reflected "a three-ounce candle." N.T. 9/19/19, at 29-30. The video demonstrated that Appellant scanned a large item, as large as her hand, where a 3-ounce candle is reflected on the receipt. Appellant also used her entire body to scan that item, when she uses only her hands and arms to scan the other items in her shopping cart. "Viewing all the evidence admitted at trial in the light most favorable to the Commonwealth as verdict winner," *see Fortson*, 165 A.3d at 14, the evidence is sufficient to establish retail theft for February 21, 2019.

Appellant next argues that she was improperly convicted of both retail theft and theft-RSP for the same conduct. In her brief, Appellant raises a statutory argument and a legality of the sentence argument. We will address her legality of the sentence argument first, as it is dispositive. Appellant argues that the trial court erred in sentencing her on both retail theft and theft-RSP because they merge for sentencing purposes. Appellant's Brief, at 9-12.

> A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. Therefore, our standard of review is *de novo* and our scope of review is plenary. A challenge to the legality of the sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction.

*Commonwealth v. Leaner*, 202 A.3d 749, 784 (Pa. Super. 2019) (internal citation and quotation marks omitted).

Section 9765 of the Judicial Code provides that:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

> A plain language interpretation of § 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other.

*Commonwealth v. Calhoun*, 52 A.3d 281, 284 (Pa. Super. 2012) (internal citation omitted).

In the Criminal Information, Appellant was charged with retail theft and theft-RSP for conduct occurring on February 20, 2019 and again charged with retail theft and theft-RSP for conduct occurring on February 21, 2019. Criminal Information, counts 1-4. The Commonwealth and trial court do not contend that retail theft or theft-RSP convictions for each date were based on different acts, therefore, the crimes of retail theft and theft-RSP did "arise from a single criminal act" on each occasion, the act of Appellant covertly scanning a lower priced merchandise tag in her hand while passing higher priced merchandise into her bag. 42 Pa.C.S. § 9765. The other element required for merger, that "all of the statutory elements of one offense are included in the statutory elements of the other offense," 42 Pa.C.S. § 9765, is also satisfied here because all the elements of theft-RSP are included in retail theft.

> A person is guilty of a retail theft if [s]he:
>
> alters, transfers or removes any label, price tag, marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise[.]

18 Pa.C.S. § 3929(a)(2). For theft-RSP, the Crimes Code provides:

[a]person is guilty of theft if [s]he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

18 Pa.C.S. § 3925(a).

Retail theft includes the elements: (1) alters, transfers, or removes any label, price tag, marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and (2) attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise. **See Commonwealth v. Black**, 380 A.2d 911, 913 (Pa. Super. 1977) (holding that criminal intent to deprive the merchant of the full retail value of such merchandise was an element of 18 Pa.C.S. § 3929(a)(2)).[3]

The elements of receiving stolen property may be stated as: (1) intentionally acquiring possession, control or title, retaining, disposing, or lending on the security of movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) intent to deprive permanently. **See Commonwealth v. Young**, 35 A.3d 54, 63 (Pa. Super. 2011).

---

[3] 18 Pa.C.S. § 3929(a)(2) was amended to include the second element. **See** 18 Pa.C.S. § 3929(a)(2) (Amended 1976, Dec. 2, P.L. 1230, No. 272, § 1, imd. effective).

This Court recently reiterated a long standing proposition "that convictions for theft by unlawful taking and receiving stolen property merge for sentencing purposes." *See Commonwealth v. Crawford*, 254 A.3d 769, 781-82 (Pa. Super. 2021), *appeal denied*, *Commonwealth v. Crawford*, 2021 WL 5353258 (Pa., filed Nov. 21, 2021) (table). Although decided before the Pennsylvania legislature adopted 42 Pa.C.S. § 9765, this Court has previously held that theft by unlawful taking and retail theft merged for sentencing where "both convictions arose out of the single act of theft of the diamond ring." *Commonwealth v. Boerner*, 422 A.2d 583, 517 (Pa. Super. 1980). This Court determined,

> [o]nce proof of the theft by unlawful taking was complete, so was proof of the retail theft, and vice-versa. It is therefore unquestionable that the two crimes merged for sentencing purposes, and appellant could be sentenced for only one.

*Id*.

This Court's discussion of the elements of theft by unlawful taking and theft-RSP, albeit in the context of double jeopardy, is instructive.

> We begin our analysis by comparing the first element of both statutes. Although theft by receiving stolen property does not expressly prohibit "unlawful taking or unlawful control over movable property," . . . the statute's requirement that a person intentionally acquire possession, control or title, retain, dispose or lend on the security of moveable property of another knowing or believing that it is stolen **necessitates either theft of the property or unlawful control over the movable property of another**. Similarly, the second element of theft by unlawful taking, that the movable property belong to another, is necessary to establish the second element of theft by receiving stolen property because a person cannot have knowledge or belief that

- 12 -

property was stolen unless it belonged to another. Finally, both statutes require the intent to deprive permanently.

***Young***, 35 A.3d at 63 (emphasis added) (citations omitted). This Court ultimately concluded that "when a defendant is found not guilty of receiving stolen property or not guilty of theft by unlawful taking, a second trial on the other charge would violate his protection against double jeopardy." ***Id***.

Retail theft and theft-RSP both require intent to deprive the owner (of the full value of the merchandise and possession of the item, respectively). For retail theft, a person must have the intent to "deprive the merchant of the full value of the merchandise" and "without intent to restore possession" for theft-RSP. Subsumed in the "attempt to purchase the item with intent to deprive the merchant of the full value of the merchandise" is "without the intent to restore." ***See Crawford***, 254 A.3d at 781-82 (finding the intent is identical in theft by unlawful taking and theft-RSP); ***Young***, 35 A.3d at 63 (theft by unlawful taking and theft-RSP both require the intent to deprive permanently).

Theft-RSP requires that a person intentionally receives, retains, or disposes of movable property of another with knowledge or belief that it was probably stolen. 18 Pa.C.S. § 3925. "As used in this section the word **"receiving"** means acquiring possession [or] control . . . of the property." 18 Pa.C.S. § 3925(b) (emphasis in original). Retail theft requires that a person alters, transfers, or removes any label, price tag and attempt to purchase the merchandise at less than retail value. 18 Pa.C.S. § 3929(a)(2). ***See Black***,

380 A.2d at 913 (removal of a store price tag, in itself, is not unlawful without the criminal intent to deprive the owner of the full value of the merchandise); *c.f.* **Commonwealth v. Rodriquez**, 989 A.2d 29, 32 (Pa. Super. 2010) (retail theft judgment of sentence vacated for insufficient evidence where appellant did not have possession of the item with the requisite intent when Appellant removed stereo from Walmart shelf and took it directly to returns counter to obtain money).[4]  In **Rodriguez**, this Court found the appellant's criminal conduct began when he placed the item into the possession of the store clerk to request a refund and, therefore, Appellant did not have possession of the item with the requisite intent for retail theft.  **Id**.

Once a person attempts to purchase the altered merchandise at less than retail value, with the requisite intent, they have completed the crime of retail theft, likewise, they have acquired "possession" of the property of another and clearly have knowledge it has been stolen.  **See Rodriquez**, 989 A.2d at 32; **Black**, 380 A.2d at 913.  "Receipt" of the item, acquiring possession or control of the property is included in the elements of retail theft.  **See Rodriquez**, 989 A.2d at 32; **Black**, 380 A.2d at 913.  We conclude that retail theft includes all the elements of theft-RSP that the person "receive"

---

[4] In **Rodriquez**, 989 A.2d at 29, appellant was convicted of retail theft, theft by deception and theft-RSP.  This Court noted, "[t]he trial court did not sentence Appellant on the theft by deception or receiving stolen property convictions because the trial court determined that those convictions merged with the conviction for retail theft."  **Id**.  However, merger was not at issue before this Court.

property of another, "knowing it has probably been stolen," and has the requisite intent to permanently deprive the owner. Because the crimes of retail theft and theft-RSP arose from the same criminal act and the crime of retail theft contains all the elements of theft-RSP, the crimes merge for sentencing. 42 Pa.C.S. § 9765.

Because we find that retail theft includes all the elements of theft-RSP, Appellant's sentences for theft-RSP must be vacated. The trial court sentenced Appellant to consecutive sentences for the retail theft and theft-RSP convictions for both occurrences, thus, our disposition has disturbed the trial court's overall sentencing scheme. Therefore, we vacate Appellant's judgment of sentence in its entirety and remand for resentencing. *See Commonwealth v. Tanner*, 61 A.3d 1043, 1048 (Pa. Super. 2013); "[I]f a correction by this Court may upset the sentencing scheme envisioned by the trial court, the better practice is to remand [for resentencing]") *Commonwealth v. Williams*, 997 A.2d 1205, 1210-1200 (Pa. Super. 2010) (internal quotations, citations, and corrections omitted).[5]

Judgment of sentence vacated. Remanded for resentencing. Jurisdiction relinquished.

---

[5] Based on this disposition, we will not discuss Appellant's issue regarding the discretionary aspects of her sentence, that the trial court erred in imposing consecutive sentences and in imposing court costs without determining if she had the ability to pay.

- 15 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/04/2022