J-S44010-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEBBIE RAMSEUR | : | |
| | : | |
| Appellant | : | No. 1027 EDA 2023 |

Appeal from the PCRA Order Entered March 14, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006381-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEBBIE RAMSEUR | : | |
| | : | |
| Appellant | : | No. 1028 EDA 2023 |

Appeal from the PCRA Order Entered March 14, 2023
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001352-2017

BEFORE: NICHOLS, J., MURRAY, J., and LANE, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 16, 2025**

Appellant Kebbie Ramseur appeals *pro se* from the order denying his Post Conviction Relief Act[1] (PCRA) petition. Appellant argues that both trial counsel and PCRA counsel were ineffective. Following our review, we affirm.

_____

[1] ***See*** 42 Pa.C.S. §§ 9541-9546.

The underlying facts of this matter are well known to the parties.  *See*

***Commonwealth v. Ramseur***, 1103 EDA 2018, 2020 WL 91536, at *1 (Pa.

filed Jan. 6, 2020) (unpublished mem.).

Briefly, a prior panel of this Court summarized the underlying facts of

this case as follows:

> [Appellant] was one of five co-conspirators in a sophisticated criminal enterprise responsible for committing a string of burglaries in Montgomery, Chester, and Delaware counties.  This large-scale burglary ring targeted affluent homes, stealing high value and easily transportable items such as jewelry, designer purses, and cash.  The police were able to link [Appellant] and his confederates to the burglaries through cellular phone records; surveillance videos; DNA evidence; and stolen property.

***Id.*** (footnote omitted).

Appellant filed pretrial motions to suppress, which the trial court denied.

Thereafter, this Court explained:

> [Appellant] proceeded to a stipulated bench trial in which the Commonwealth incorporated the affidavits of probable cause for each docket.  On Docket 1352-2017, the trial court found [Appellant] guilty of one count of corrupt organizations and six counts of conspiracy to commit burglary.[fn2]  On Docket 6381-2016, [Appellant] was found guilty of one count of attempted burglary and four counts of conspiracy to commit burglary.[fn2]
>
> > [fn2] ***See*** 18 Pa.C.S.[] §§ 911(b)(3), 3502(a)(2), and 903.
> >
> > [fn3] ***See*** 18 Pa.C.S.[] §§ 3502(a)(2), 901(a), and 903.

***Id.***, 2020 WL 91536 at *2.

On March 8, 2018, Appellant was sentenced to an aggregate term of ten

to twenty years' incarceration.  On direct appeal, this Court affirmed

Appellant's judgment of sentence, and our Supreme Court subsequently

- 2 -

denied Appellant's petition for further review on June 1, 2020. *See id.*, *appeal denied*, 235 A.3d 268 (Pa. 2020).

Appellant filed a timely *pro se* PCRA petition on May 26, 2021. The PCRA court appointed counsel, who filed an amended petition on Appellant's behalf. After hearing oral arguments from both parties, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition. Ultimately, the PCRA court issued an order dismissing Appellant's petition on March 14, 2023.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a Rule 1925(a) opinion addressing Appellant's claims. On January 10, 2024, the PCRA court held a *Grazier*[2] hearing and found that Appellant knowingly, intelligently, and voluntarily waived his right to counsel and permitted Appellant to proceed pro se on appeal. *See* PCRA Ct. Op., 6/20/24, at 3 n.2.

On appeal, Appellant raises the following issues for review:

1. Whether the PCRA court's order denying [Appellant's] claims of ineffective assistance of counsel, pursuant to 42 Pa.C.S. 9543(a)(2), is supported by the record and is free of legal error?

2. Whether PCRA counsel was ineffective through conduct that was of questionable legal soundness, had no reasonable basis designed to effectuate [Appellant's] interests, and that had an adverse effect on the outcome of the proceedings?

Appellant's Brief at 4.

_____

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

**Trial Counsel's Ineffectiveness**

In his first claim, Appellant argues that trial counsel was ineffective. *Id.* at 10. Specifically, Appellant contends that trial counsel erred by (1) "failing to object to and/or appeal the improper conviction and sentencing on multiple counts of conspiracy," (2) "advising [Appellant] to elect a stipulated trial without well-defined stipulated facts, thus depriving him of well-founded potential challenges to the sufficiency and weight of the evidence," (3) "abandoning the motion to suppress the DNA evidence," and (4) "failing to move to suppress the photograph of [Appellant's] cell phone's time display at the time of the search of his home." *Id.* at 12-39 (some formatting altered). Appellant also asserts that "[t]he cumulative prejudice of trial counsel's ineffectiveness requires a new trial." *Id.* at 39.

In reviewing Appellant's claims, our standard of review is as follows:

[O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. . . . [W]e apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

Here, the PCRA court thoroughly addressed Appellant's claims concerning trial counsel's ineffectiveness and concluded that he was not entitled to relief. Specifically, the PCRA court explained:

<u>Single or Multiple Conspirac[ies]</u>

[Appellant] claims trial counsel was ineffective for failing to object to charging [Appellant] with multiple separate counts of conspiracy. To prove ineffective assistance of counsel, [Appellant] must prove by preponderance of the evidence that (1) the claim has arguable merit; (2) counsel lacked a reasonable basis for his or her chosen course; and (3) that the petitioner was prejudiced thereby, i.e., that there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Duffey***, 855 A.2d 764, 768-69 (Pa. 2004). Counsel is presumed effective. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa. 2001).

[Appellant] cites ***Commonwealth v. Savage***, 566 A.2d 272, 278 (Pa. Super. 1989), which states: "The factors most commonly considered in a totality of the circumstances analysis of the single vs. multiple conspiracies issue [] are: (1) the number of overt acts in common; (2) the overlap in personnel; (3) **the time period during which the alleged acts took place**; (4) the similarity in methods of operation; (5) **the locations in which the alleged acts took place**; (6) the extent to which the purported conspiracies share a common objective, (7) and **the degree to which interdependence is needed for the overall operation to succeed** . . . We find all of these factors to be appropriate to consider in distinguishing single from multiple conspiracies." ***Id.*** at 278 (emphasis [and numbering] added).

[Appellant] argues that the burglaries are one conspiracy because (1) it was committed by the same four offenders; (2) there was a common plan in that only high-end homes were targeted, and similar means to bypass alarm systems were used; and (3) the incidents took place within a certain period of time, from January 2016 to the end of July 2016. In addition, [Appellant] argues that the Commonwealth treated these burglaries as "a single criminal episode" by consolidating them from multiple counties into one county, under ***Commonwealth v. McPhail***, 692 A.2d 139 (Pa. 1997), which held that this type of consolidation is only allowed if the charges involve "a single criminal episode." ***Id.*** at 145.

The court in ***McPhail*** consolidated three criminal acts in separate counties because it was considered a single criminal episode. ***Id.*** However, the big issue in that case was whether the court had jurisdiction or whether venue was proper to hear the case, when the crimes were over separate counties, not whether a series of

crimes was a single criminal episode. In addition, **McPhail** is only cited in cases for purposes of determining whether venue was proper, not for determining if a series of crimes is a single or multiple conspiracy. **Id.** at 145.

The two cases that address this particular issue are **Commonwealth v. Andrews**, 768 A.2d 309 (Pa. 2001) and **Commonwealth v. Sanchez**, 82 A.3d 943, 976 (Pa. 2013). Both cases held that as long as there is sufficient evidence to support a finding of multiple conspiracies, also while viewing the evidence most favorable to the Commonwealth, there is no claim of error. **Id.** Here, there is enough evidence to support a conviction of multiple conspiracies. The burglaries occurred on separate dates, at separate locations, and each burglary was a stand-alone operation: there was no interdependence between the separate offenses.

In addition, the Commonwealth cited a case where the court has found multiple conspiracies even though the actors were the same and there was a common plan. **Commonwealth v.** [**Herrick**, 660] A.2d 51 (Pa. Super. 1995) (The Superior Court determined that two separate conspiracies existed where there were separate drug transactions on separate dates even though the drug sales involved the same actors and occurred at the same location)

\* \* \*

Lastly, [Appellant's] argument is without merit because trial counsel had a reasonable basis for stipulating to multiple conspiracies because [Appellant] agreed to the stipulation, and the Commonwealth agreed to drop the serious charges of burglary, thereby taking several years off [Appellant's] sentence. Therefore, trial counsel had a reasonable basis for choosing to stipulate multiple counts of conspiracy. **See Commonwealth v. Colavita**, 606 Pa. 1, 993 A.2d 874, 887 (2010).

PCRA Ct. Op. at 5-8 (some formatting altered)

[Stipulated Bench Trial]

[Appellant] maintains that counsel was ineffective for recommending the stipulated trial because it prevented him from challenging the weight of the evidence of the Farrier Lane and Pemberton Road burglaries. He states there was insufficient

evidence to tie him to those burglaries because he was not named in the affidavit of probable cause.

*Farrier Lane*

This argument is without merit. A conspiracy may be proven by circumstantial evidence. ***Commonwealth v. Lawson***, [650 A.2d 876 (Pa. Super. 1994)]. In order to prove conspiracy, the Commonwealth must show that [Appellant] intended to promote the commission of a crime, and he agreed that one or more would engage in criminal conduct. 18 Pa.C.S. § 903.

Although circumstantial, there is enough evidence to support an inference that he agreed to assist his co-offender in completing the burglary. This is mainly from the cell phone records that they were communicating with each other while the burglary was taking place. In addition, [Appellant] already participated in other burglaries with other co-defendants, and stolen property from other burglaries that the co-defendants ha[d] committed was found in his possession. Based on the totality of the circumstances, this is enough to support an inference that he assisted the co-defendant in committing the Farrier Lane burglary. "Circumstances like an association between alleged conspirators, knowledge of the commission of the crime, presence at the scene of the crime, and/or participation in the object of the conspiracy, are relevant when taken together in context, but individually each is insufficient to prove a conspiracy." ***Commonwealth v. Perez***, 931 A.2d 708-709 (Pa. Super. 2007), quoting, ***Commonwealth v. Swerdlow***, 636 A.2d 1173, 1171 (Pa. Super. 1994). "[I]n determining whether a corrupt confederation [*i.e.* a conspiracy] is present, the relationship and conduct of the parties and the circumstances surrounding their activities can be examined to deduce inferentially, if a conspiracy exists." ***Commonwealth v. Robinson***, 505 A.2d 997, 1000 (Pa. Super. 1986).

In addition, [Appellant's] assertion that agreeing to the stipulated trial deprived him of an opportunity to challenge the sufficiency of the evidence with respect to these two burglaries is without merit. The Commonwealth has cited case law w[h]ere [the] defense has been able to challenge the sufficiency of the evidence in stipulated bench trials on direct appeal. ***Commonwealth v. Howard***, 257 A.3d 1217 (Pa. 2021); ***Commonwealth v. Rodriguez***, 989 A.2d 29 (Pa. Super. 2010); ***Commonwealth v. Moore***, [263] A.3d 1193 (Pa. Super. 2021).

*Pemberton Road*

This argument is also without merit. There was substantial evidence to support [Appellant's] guilty verdict. The Commonwealth's Answer p. 30, the facts surrounding the Pemberton [Road] burglary was summarized as follows:

"The police stopped defendant's vehicle at night in a new housing development where nobody lived yet because the homes were still under construction. Inside the vehicle was a two-way radio and a police radio scanner. In addition, the police observed gloves, a mask, a screwdriver, cell phones, and several radio/walkie-talkies. The men were nervous. They provided conflicting stories. The car was observed only minutes after a 911 call was made reporting three shadowy figures outside of a nearby home on Pemberton Road. The car was stopped only 200 yards from the location where the three shadowy figures were observed by the homeowner who called 911."

*Id.* . . . .

*Id.* at 8-10 (some formatting altered).

Motion to Suppress DNA Evidence

[Appellant] next argues that DNA evidence obtained from a stale search warrant was inadmissible and violates Pa.R.Crim.P. 205(A)(4)(a) and the Fourteenth Amendment [to the U.S Constitution] and Article 1, Section 8 of the Pennsylvania Constitution. The initial search warrant was signed on Dec. 5, 2016, to be served no later than Dec. 7, 2016. However, it was not until Dec. 14, 2016, that it was served. The Commonwealth later obtained a separate buccal sample that was timely the day before the suppression hearing. Although the initial search warrant was illegal, the second warrant was proper.

[Appellant] fails to show how this prejudiced his case when the underlying DNA evidence remained the same. There is no evidence that the DNA sample was tainted due to the delay. Again, [Appellant] has failed to show how a properly executed stale warrant and then a properly executed timely warrant (where the underlying evidence remained unchanged) prejudiced [Appellant] such that the outcome of the trial would have been different. Although the initial search warrant was untimely, the

second warrant was not, and the DNA sample remained the same. Accordingly, there would have been the same outcome and trial counsel was not ineffective for withdrawing the motion to suppress.

### Ineffective [] Counsel for failing to suppress the photograph of [Appellant's] Cellphone

There was a dispute as to whether the search warrant of [Appellant's] home was executed before or after the search warrant was issued. The photographs taken of the objects seized were time stamped prior to when the warrant was issued on its face. The Commonwealth used the photo of [Appellant's] cellphone to help prove that the time stamps' discrepancies were due to failure to adjust the time stamp on the camera to account for daylight savings time, which occurred four months prior. Based on photos taken during the search warrant, the time stamps were uniformly off by 59 minutes. [Appellant] argues that the photo of his cellphone was the only evidence that the Commonwealth had to prove their explanation of the time stamp discrepancy.

This claim is also without merit because even if the photograph of the cellphone was suppressed, the Commonwealth would have still been able to explain the discrepancy, thereby making the search warrant valid. The Commonwealth pointed out that the prosecution had at least one other photo reflecting the time discrepancy and there was testimony from Detective Fink who explained the discrepancy. Furthermore, as the Commonwealth pointed out, the issue of the execution of the search warrant at [Appellant's] home was previously litigated and heard on direct appeal. The trial court's ruling is recited below:

> "Detective Fink testified that the warrant was served on July 19, 2016, at 11 AM . . . . The photos taken inside the home have time stamps of 10:36 AM, 10:37 AM, and other times before 11 AM . . . . The face sheet for the photographs where police are required to put the start date and time of the photos lists 11:28 . . . . Additionally, there is a photo of a cellphone which shows a time of 11:47 AM while the stamp on the photo shows a time of 10:48 AM . . . . There is also a picture of a watch recovered from Kerper Street that says 2:30 PM, and the camera time stamp is 1:31 PM . . . . The time stamp on the photo is exactly 59 minutes behind the time pieces in the picture. This court determined that

- 9 -

> Detective Fink testified credibly, and that the search did not begin until after the warrant had been signed-after 11 AM. Thus, there is no misrepresentation by the police on the times written on the warrant. Additionally, that finding is supported by evidence of record in that the time pieces captured in the pictures support an argument that the time on the camera was erroneously not adjusted for Daylight Savings Time."

> Trial Court Opinion, 8/15/18, pp. 21-22.

*Id.* at 10-11 (some formatting altered).

Following our review, we discern no error of law in the PCRA court's conclusions, which are supported by the record. *See Sandusky*, 203 A.3d at 1043. The PCRA court thoroughly addressed Appellant's claims concerning trial counsel's ineffectiveness and correctly concluded that he was not entitled to relief. Therefore, we affirm based on the PCRA court's analysis of these issues. *See* Trial Ct. Op. at 5-8, 8-10, 10-11.

## PCRA Counsel's Ineffectiveness

Appellant also claims that PCRA counsel was ineffective.[3] Appellant's Brief at 40. First, he asserts that PCRA counsel failed to argue that Appellant's sentences for criminal conspiracy and corrupt organizations should have merged for sentencing purposes and contends that his convictions for one count of corrupt organizations and ten counts of criminal conspiracy were a single criminal act. *Id.* at 43-48.

---

[3] Our Supreme Court has adopted a rule allowing PCRA petitioners to "raise claims of ineffective PCRA counsel at the first opportunity, even if on appeal." *Commonwealth v. Bradley*, 261 A.3d 381, 405 (Pa. 2021). Therefore, although Appellant did not raise this claim in his PCRA petition, the issue is properly before us.

Additionally, Appellant reiterates the same underlying ineffectiveness claims from above, but couches his issues as layered claims of PCRA counsel's ineffectiveness. Specifically, Appellant argues that PCRA counsel was ineffective in litigation of Appellant's claims of ineffective assistance of trial counsel (1) "for failing to preserve and present challenges to the sufficiency and weight of the evidence," (2) "for withdrawing the motion to suppress DNA evidence," (3) "for failing to object to, and suppress incomplete, and altered, video surveillance, or secure the full, unedited video," and (4) advising Appellant "to agree to a stipulated bench trial without well-defined stipulated facts and that was essentially a guilty plea." *Id.* at 48-60.

When a defendant claims that current counsel was ineffective for failing to challenge prior counsel's effectiveness, the defendant must present a layered claim of ineffectiveness. *See Commonwealth v. McGill*, 832 A.2d 1014, 1022-23 (Pa. 2003).

This Court has explained:

> Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney. Layered claims of ineffectiveness are not wholly distinct from the underlying claims, because proof of the underlying claim is an essential element of the derivative ineffectiveness claim. In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012) (citations omitted and formatting altered).

However, it is well settled that "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015) (citation omitted). Further, as discussed previously, we agree with the PCRA court that Appellant failed to establish that trial counsel was ineffective. Therefore, PCRA counsel cannot be deemed ineffective for failing to raise or properly argue these meritless claims. *See id.* Accordingly, Appellant is not entitled to relief.

Merger

Appellant also claims that corrupt organizations and conspiracy should have merged for sentencing purposes. Merger implicates the legality of the sentence. *See Commonwealth v. Watson*, 228 A.3d 928, 941 (Pa. Super. 2020). Further, our standard of review is *de novo* and our scope of review is plenary. *See id.*

Section 9765 of the Sentencing Code states:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

Our Supreme Court has explained that Section 9765 "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal

act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009).

Here, Appellant was found guilty following a stipulated bench trial for one count of corrupt organizations as charged at 18 Pa.C.S. § 911(b)(3), which prohibits "any person employed by or associated with any enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 Pa.C.S. § 911(b)(3). The statute further provides that a pattern of racketeering activity "refers to a course of conduct requiring two or more acts of racketeering activity . . . ." 18 Pa.C.S. § 911(h)(4).

Appellant was also convicted of one count of criminal conspiracy, which the Crimes Code defines as follows:

> **(a)    Definition of conspiracy.**—A person is guilty of conspiracy with another person or persons to commit a crime if with the intent of promoting or facilitating its commission he:
>
>    (1)    agrees with such other person or persons that they or one or more of them will engage in conduct which constitutes such crime or an attempt or solicitation to commit such crime; or
>
>    (2)    agrees to aid such other person or persons in the planning or commission of such crime or of an attempt or solicitation to commit such crime.

18 Pa.C.S. § 903(a).

Based on the language of the two statutes, we conclude that Appellant's convictions do not merge for sentencing purposes. ***See*** 42 Pa.C.S. § 9765;

***Baldwin***, 985 A.2d at 833. A conviction for corrupt organizations under Section 911(b)(3) requires proof that a defendant engaged in a **pattern** of racketeering activity, which is not an element of conspiracy. ***Compare*** 18 Pa.C.S. § 911(b)(3); ***with*** 18 Pa.C.S. § 903(a). Therefore, because the trial court correctly concluded that Appellant's convictions did not merge for sentencing purposes, PCRA counsel was not ineffective for failing to raise this claim. ***See Treiber***, 121 A.3d at 445.[4]

For these reasons, we affirm. Order affirmed. Jurisdiction relinquished.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/16/2025

---

[4] In his remaining claims, Appellant argues that the PCRA court abused its discretion by denying his motion for discovery and his request for an evidentiary hearing. However, Appellant did not preserve these claims in his Rule 1925(b) statement. Therefore, both issues are waived. ***See*** Pa.R.A.P. 302(a) (providing that issues not raised before the trial court "are waived and cannot be raised for the first time on appeal").