J-S27027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANTHONY PORTER | |
| Appellant | No. 1672 EDA 2014 |

Appeal from the Judgment of Sentence entered May 2, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005838-2013

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY STABILE, J.:                **FILED JULY 28, 2015**

Appellant, Anthony Porter, appeals from the judgment of sentence the Court of Common Pleas of Philadelphia County imposed May 2, 2015. Appellant argues the evidence was insufficient to sustain his convictions of receiving stolen property and conspiracy to receive stolen property. Specifically, Appellant argues the Commonwealth presented no evidence to prove he knew the property was stolen and of his conspiratorial agreement with associate.  Upon review, we affirm.

The trial court summarized the relevant background as follows:

In February 2013, Detective David Strother was involved in the investigation of a series of dirt bike and ATV thefts in Bucks, Chester, Montgomery, and Delaware counties.  During this investigation,

---

[*] Former Justice specially assigned to the Superior Court.

Detective Strother was contacted by a victim of these thefts, Anthony Coonick, who stated that he believed that his stolen dirt bike had been listed for sale on Craigslist, an online market forum. The Craigslist ad specified a contact telephone number for potential buyers. After learning that the seller associated with the ad was using the name "Ant Porter," Detective Strother conducted a public search of the social media website Facebook, looking for the contact number from the Craigslist ad and the name "Ant Porter." That search led Detective Strother to the public profile page of [Appellant] Anthony Porter. Contained on [Appellant]'s Facebook profile page was a picture of [Appellant] sitting on Cooninck's stolen motorcycle (hereafter, "Facebook photo"). A dent in the motorcycle's right exhaust pipe is visible in both the photograph in the Craigslist and [Appellant]'s Facebook photo.

Using the phone number provided in the Craigslist ad, Detective Strother arranged a meeting at McClellan Street and Pint Breeze Avenue in Philadelphia on February 21, 2013. [Detective] Strother was accompanied by Officer Reilly, of the Bensalem Township, Pennsylvania State Police Auto Theft Task Force. Upon arriving at the agreed location, an unidentified black male approached the officers, riding a motorcycle. The officers spoke with the unidentified male about the bike while attempting to view the VIN number of the motorcycle. Officer Reilly was able to view the VIN number, and confirmed that the last eight digits of the VIN matched that of the bike that Coonick had reported stolen.

While the officers were speaking with the unidentified male, a white minivan pulled up to the trio and [Appellant] exited from the passenger side. [Appellant] immediately took over the negotiation for the sale of the bike. [Appellant] appeared to be nervous during his conversation with the officers, and before the officers could close any sale on the bike, [Appellant] suddenly turned and fled the area on foot. Detective Strother chased [Appellant], but was unable to apprehend him at that time. The unidentified male fled the scene on the bike and was also not apprehended. After [Appellant] and the unidentified male fled the scene, Detective Strother sent a text message to the telephone number listed in the Craigslist ad, stating "Yo, call me. Just trying to get this kid his bike back." Detective Strother received a reply text from the same number stating "I will give it to you guys. I don't want to be locked up for a bike. I thought y'all was trying to rob me." [Appellant] was arrested the following month.

Trial Court Opinion, 8/21/14, at 2-3 (citations to record and footnote

omitted).

> On May 2, 2014, following a non-jury trial before this [c]ourt,
> [Appellant] was convicted of one count of receiving stolen
> property (18 Pa.C.S.A. § 3925(a)) and one count of conspiracy
> to receive stolen property (18 Pa.C.S.A. § 903). Immediately
> following trial, the [c]ourt imposed a sentence of three years
> reporting probation. [Appellant] did not file post-sentence
> motions.

*Id.* at 1.

On appeal, Appellant argues the evidence was insufficient to support

his convictions.[1] We disagree.

> The standard we apply in reviewing the sufficiency of the
> evidence is whether viewing all the evidence admitted at trial in
> the light most favorable to the verdict winner, there is sufficient
> evidence to enable the fact-finder to find every element of the
> crime beyond a reasonable doubt. In applying the above test,
> we may not weigh the evidence and substitute our judgment for
> the fact-finder. In addition, we note that the facts and

---

[1] The questions raised for our review are:

1. Was not the evidence insufficient to support a conviction for receiving stolen property where the Commonwealth failed to establish that the [A]ppellant knew or should have known the motorcycle was stolen as it had been reported stolen over a month earlier, did not exhibit any damage indicative of theft, the [A]ppellant had a reasonable explanation for his possession and he cooperated with police?

2. Was not the evidence insufficient to support a conviction for criminal conspiracy where there was no evidence that the [A]ppellant entered into an agreement with another person to commit a crime?

Appellant's Brief at 3.

circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Fabian*, 60 A.3d 146, 150-51 (Pa. Super. 2013) (quotation omitted).

As noted, at issue here are two crimes: receiving stolen property and conspiracy. We will address each *ad seriatim*.

"The elements of receiving stolen property may be stated as: (1) intentionally acquiring possession, control or title, retaining, disposing, or lending on the security of movable property of another; (2) with knowledge or belief that it was probably stolen; and (3) intent to deprive permanently." *Commonwealth v. Young*, 35 A.3d 54, 63 (Pa. Super. 2011) (citations omitted), *appeal denied,* 48 A.3d 1249 (Pa. 2012).

In connection with the first element of the crime, in ***Commonwealth v. Foreman***, 797 A.2d 1005, 1012-13 (Pa. Super. 2002) (quotation marks and citations omitted), this Court noted:

[A] permissible inference of guilty knowledge may be drawn from the unexplained possession of recently stolen goods without infringing upon an accused's right of due process or his right against self-incrimination, as well as other circumstances, such as the accused's conduct at the time of arrest.

- 4 -

Nonetheless, the mere possession of stolen property is insufficient to prove guilty knowledge, and the Commonwealth must introduce other evidence, which can be either circumstantial or direct, that demonstrates that the defendant knew or had reason to believe that the property was stolen. This additional evidence can include the nature of the goods, the quantity of the goods involved, the lapse of time between possession and theft, and the ease with which the goods can be assimilated into trade channels. Further, whether the property has alterations indicative of being stolen can be used to establish guilty knowledge. Finally, even if the accused offers an explanation for his possession of stolen property, the trier of fact may consider the possession as unexplained if it deems the explanation unsatisfactory.

*Id.* at 1012-13 (quotation marks and citations omitted).

Applying the proper standard of review, the trial court found there was sufficient evidence to conclude that Appellant was aware the motorcycle was in fact stolen property:

[T]he evidence established that [Appellant] arrived at the meet-up location and assumed responsibility for negotiations of a motorcycle that had been reported stolen one month prior. Detective Strother testified that [Appellant] appeared nervous throughout the negations. Although [Appellant] claimed that he was selling the vehicle on behalf of a mother whose child had recently died, the factfinder [the trial court here] was free to find this evidence to be incredible and to consider the possession unexplained. [Appellant]'s flight from the scene is further evidence of a consciousness of guilt.

Trial Court Opinion, 8/21/14, at 11. In essence, the trial court drew an inference of guilty knowledge from Appellant's unexplained[2] possession of

_____

[2] "The term unexplained includes an explanation which a judge or jury as the trier of fact finds unsatisfactory." *Commonwealth v. Williams*, 362 A.2d 244, 249 n.6 (Pa. 1976). Here, the court, sitting as fact-finder, did not find

*(Footnote Continued Next Page)*

the recently stolen motorcycle, Appellant's behavior during the negotiations, and his flight while negotiating the sale of the motorcycle. The trial court properly did so. *See Williams*, 362 A.2d at 248-49 (it is permissible to infer guilty knowledge by the unexplained possession of a recently stolen vehicle); *Commonwealth v Hargrave*, 745 A.2d 20, 23 (Pa. Super. 2000) ("Flight does indicate consciousness of guilt, and a trial court may consider this as evidence, along with other proof, from which guilt may be inferred.") (quotation marks and citation omitted).

Furthermore, the evidence offered at trial provided additional evidence of Appellant's consciousness of guilt. As noted above, in his text to Appellant, the officer stated that he was trying to get the motorcycle back to the owner. Appellant did not object to the officer's statement. Indeed, recognizing that keeping the motorcycle would expose him to criminal liability, Appellant texted the officer back saying, *inter alia*, he did not want to "be locked up for a bike." We also note that, during the negotiations for the sale of the motorcycle, Appellant did not state that he was selling his motorcycle. Rather, he stated that he was selling a motorcycle on behalf of a mother who recently lost his child—an explanation that the factfinder did not believe to be true.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Appellant's explanation for the possession to be credible. As such, the possession here is "unexplained."

We conclude, therefore, that viewing all the evidence admitted at trial in the light most favorable to the Commonwealth, there was sufficient evidence to enable the court to find the *mens rea* element of the crime proved beyond a reasonable doubt.

Regarding the criminal conspiracy conviction, the "Commonwealth must establish that the defendant (1) entered into an agreement to commit or aid in an unlawful act with another person or persons, (2) with a shared criminal intent and, (3) an overt act was done in furtherance of the conspiracy." ***Commonwealth v. Fisher***, 80 A.3d 1186, 1190-91 (Pa. 2013) (citation omitted).

The trial court, sitting as fact-finder, rejected Appellant's sufficiency claim, finding as follows:

> Here, the evidence clearly established that [Appellant] acted in concert with an unidentified male in order to sell the stolen motorcycle. Both Detective Strother and Officer Reilly testified that upon arriving at the meet-up location they first encountered an unidentified black male who brought the [stolen] motorcycle to the location. Upon this individual's arrival, both officers then engaged him in conversation concerning the motorcycle. This individual stated that the bike was not his, and that "his boy would be [there] shortly." While the officers were thus engaged, [Appellant] arrived in a white van and "immediately began taking over negotiations for the sale of the bike from the individual that showed up on it." [Appellant] further indicated that the bike was property that he had been asked to sell. [Appellant]'s flight from the meet-up location further supports concerted action between the two young men, as both individuals fled the scene at the same time and without contemporaneous communication.

Trial Court Opinion, 8/21/14, at 12 (citation to record omitted) (alteration in original).

We agree with the trial court that the evidence showed that Appellant and his associate worked together to sell the stolen motorcycle, which is sufficient to support Appellant's conviction for conspiracy, and in particular, the agreement element of the crime.

Upon review of the record and pertinent law, we conclude, therefore, the evidence presented at trial, and all reasonable inferences derived therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to satisfy all elements of the offenses at issue here beyond a reasonable doubt.[3]

Judgment of sentence affirmed.

---

[3] In passing, we note Appellant, throughout his brief, repeatedly points to evidence the Commonwealth failed to offer in support of the convictions or asks us to draw an inference favorable to Appellant. In reviewing a sufficiency claim, we review the evidence admitted at trial, not the missing evidence. Additionally, the evidence must be viewed in the light most favorable to the verdict winner, not the losing party. Appellant's approach is inconsistent with our standard of review.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/28/2015